## BYLIN v. BAKKEN.

## In re BAKKEN'S ESTATE.

(Circuit Court of Appeals, Eighth Circuit. July 28, 1925.)

No. 6849.

1. **Bankruptcy ⊜465—Motion to dismiss appeal, because trustee not authorized by creditors to specify objections, not sustained.**

Motion to dismiss appeal from judgment granting a discharge to bankrupt, because trustee was not competent to specify objections, not having been authorized by creditors, not sustained, where trustee was also a creditor.

2. **Bankruptcy ⊜417(2)—Discharge in bankruptcy not set aside on creditor's petition for bankrupt's fraudulent concealment of his earnings from a threshing machine.**

Discharge in bankruptcy will not be set aside on creditor's petition for bankrupt's fraudulent concealment of his earnings from a threshing machine, which he had leased to farmers for 2 cents per bushel on grain threshed for its use, to be paid by threshing his crop and that of his son, where, though about $277 had been earned by the machine, bankrupt had

been informed that there was nothing due him from such amount, because his crop and that of his son had been threshed.

Appeal from the District Court of the United States for the District of North Dakota; Andrew Miller, Judge.

In the matter of the estate of Carl L. Bakken, bankrupt. From a judgment granting a discharge to the bankrupt, Ernest Bylin, trustee and objecting creditor, appeals. Affirmed.

McGee & Goss, of Minot, N. D., for appellant.

William Lemke, of Fargo, N. D., for appellee.

Before SANBORN and KENYON, Circuit Judges, and SCOTT, District Judge.

SCOTT, District Judge. [1] This is an appeal from an order and judgment of the District Court of North Dakota, disapproving the report of the special master and granting a discharge to the bankrupt. There was submitted with the case a motion to dismiss the appeal upon the ground that Ernest Bylin, trustee and an objecting creditor, was not competent to specify the objections, not having been authorized by the creditors. We regard the motion as without merit, as the trustee was also a creditor.

The grounds specified in opposition to the bankrupt's discharge are:

(1) That the bankrupt fraudulently concealed the receipt of "between $400 and $500" from the trustee and converted the same to his own use.

(2) That the bankrupt made false oath to his schedules, in that he swore that the property listed was all the property he had, whereas in truth he was the owner of the aforesaid amount of between $400 and $500.

[2] The above specifications are bottomed on the same transaction and circumstances. The bankrupt appears to have owned a threshing machine at the time he prepared his schedules. The schedules were not filed for some time after their preparation. Between the time of making out the schedules and filing his petition, the bankrupt leased the threshing machine to some farmers, he to receive 2 cents per bushel on grain threshed for its use, the same to be paid in part, at least, by threshing the bankrupt's crop and the crop of bankrupt's son. It appears that the bankrupt and the son had agreed in this way to pay for the threshing of the grain. At the time of the filing of the bankrupt's petition, and his adjudication, about

$277 had been earned by the machine; but bankrupt's crop and his son's crop had been threshed, and he had been informed that there was nothing coming to him above that amount. At the time of filing the schedules the bankrupt testifies that he had forgotten, or had not in mind, the matter of the thresher's rental contract; that he did not understand that he had anything coming to him, and that he therefore did not include it. The bankrupt never in fact received any money for the use of the machine, except as above stated.

The farmers running the machine deducted from the amount of its earnings the threshing bill of bankrupt and his son, and also $42.50 for repairing the machine preparatory to beginning the season. The testimony is that bankrupt was to furnish the machine in good running order. Without doubt, if the repairing to put it in order was required, the lessees would be entitled to reimburse their expense from the earnings in their hands. One of the lessees, also offset and retained $26 that the bankrupt owed him for seed wheat. He probably was entitled to make this offset; at least the bankrupt appears to have thought so. We think there is nothing in the testimony that would support the charge of fraudulent concealment, or a false oath fraudulently made.

The action of the District Court should be, and is, affirmed.