**In the Matter of Gerald A. MASCOLO, Bankrupt, Appellant.**

**No. 74–1069.**

United States Court of Appeals, First Circuit.

Heard May 8, 1974.

Decided May 23, 1974.

Frederick T. Golder, Boston, Mass., with whom Goldberg & Golder, Boston, Mass., was on brief, for appellant.

Herbert D. Friedman, Boston, Mass., with whom Morris M. Goldings, and Mahoney, Atwood & Goldings, Boston, Mass., was on brief, for appellee.

Before COFFIN, Chief Judge, and McENTEE and CAMPBELL, Circuit Judges.

LEVIN H. CAMPBELL, Circuit Judge.

Mascolo appeals from an order of the district court affirming the referee's revocation of his discharge in bankruptcy.[1] Mascolo filed a voluntary petition on October 26, 1970, and was granted a discharge on January 26, 1971. Within one year thereafter creditor Rita Girl, Inc. applied to revoke the discharge as-

---

1. 11 U.S.C. § 33: "The court may revoke a discharge upon the application of a creditor . . . who has not been guilty of laches, filed at any time within one year after a discharge has been granted, if it shall appear (1) that the discharge was obtained through the fraud of the bankrupt, that the knowledge of the fraud has come to the applicant since the discharge was granted, and that the facts did not warrant the discharge; . . . ."

serting that it had been obtained by fraud and that the bankrupt had committed an offense punishable by imprisonment under 18 U.S.C. § 152.[2] Rita Girl claimed that Mascolo knowingly and fraudulently swore that he had maintained no bank accounts within the two years immediately preceding his filing, but that in fact he had maintained an account with the First National Bank of Boston. The referee later permitted the creditor to amend the application to include accounts at two additional banks.

The referee, after a hearing, adjudged and decreed that "the discharge was obtained by the bankrupt, through fraud . . . ." In his Findings of Fact, Conclusions of Law and Order, the referee found that Mascolo had maintained bank accounts at the First National Bank of Boston, the National Shawmut Bank, and the Capitol Bank and Trust within the relevant period. He also found:

"In the Statement of Affairs which accompanied the voluntary petition, and which the bankrupt signed stating that 'I, Gerard A. Mascolo, the person who subscribed to the foregoing statement of affairs, do hereby make solemn oath that the answers therein contained are true and complete as to the best of my knowledge, information, and belief,' as to question number 4. Bank Account and safe deposit boxes—a. What bank account have you maintained, alone or together with any other person, and in your own or any other name, within the two years immediately preceding the filing of the original petition herein? (Give the name and address of the bank or other depository, the name in which each box or other depository was kept, the name of every person who had the

right of access thereto, a brief description of the contents thereof, and, if surrendered, when surrendered, or, if transferred, when transferred and the name and address of the transferee). [sic] the bankrupt answered 'none'."

■ Mascolo argues on appeal that the creditor did not sustain its burden of proof that fraud, rather than mere error, was involved. According to Mascolo, a false oath must contain all the elements involved in common law perjury—"intentional untruth in a matter material to an issue which is itself material." Troeder v. Lorsch, 150 F. 710, 713 (1st Cir. 1906). But even under this standard,[3] the creditor may prove his case by a fair preponderance of the evidence; despite the analogy to criminal perjury, he need not meet the higher criminal burden. And once it reasonably appears that the oath is false, the burden falls upon the bankrupt to come forward with evidence that he has not committed the offense charged. Shanberg v. Saltzman, 69 F.2d 262 (1st Cir. 1934). See also American National Bank v. Rainguet, 323 F.2d 881 (10th Cir. 1963). The trier of fact may rely upon reasonable inferences as well as direct evidence. Thus, the trier may infer fraudulent intent from an unexplained false statement. See In the Matter of Kaufhold, 256 F.2d 181 (3d Cir. 1958); 1A J. Moore & J. Mulder, Collier On Bankruptcy ¶ 14.25, at 1336 (King ed. 1974).

■ Asserting that fraud should not be inferred when there are extenuating circumstances, Mascolo claims in his brief that the omission of "the two bank accounts was through inadvertence of the bankrupt's counsel", and that when he learned he had written "none" on the statement "he was stunned". Mascolo

---

2. 18 U.S.C. § 152 provides in part that "[w]hoever knowingly and fraudulently makes a false oath or account in or in relation to any bankruptcy proceeding" may be imprisoned. The statute governing the granting of a discharge states: "The court shall grant the discharge unless satisfied that the bankrupt has (1) committed an offense punishable by imprisonment as provided under section 152 of Title 18". 11 U.S.C. § 32(c)(1).

3. It is not necessary to decide whether reckless indifference to truth is equivalent to fraud in false oath cases. See Diorio v. Kreisler-Borg Construction Co., 407 F.2d 1330 (2d Cir. 1969).

also states that the "bankrupt prepared the various schedules . . . with his attorney." We agree that an explanation by a bankrupt that he had acted upon advice of counsel who in turn was fully aware of all the relevant facts generally rebuts an inference of fraud.[4] *See* In re Topper, 229 F.2d 691 (3d Cir. 1956); Jones v. Gertz, 121 F.2d 782 (10th Cir. 1941); In re Stone, 52 F.2d 639 (D.N.H.1931). But we cannot find that Mascolo or his attorney ever offered such an explanation in proceedings before the referee. Mascolo himself, when asked whether he had maintained any bank accounts, answered that he had had both a checking and saving account in two banks. When shown a contrary written statement, he responded:

"I did answer the question. I did sign the paper. Okay. It should have been that there were two accounts. All right? That's all I can say."

Mascolo did not claim that he had forgotten about the accounts or had not realized that he was to include accounts closed at the time of filing. *Cf.* Shelby v. Texas Improvement Loan Co., 280 F. 2d 349 (5th Cir. 1960); In re Applebaum, 11 F.2d 685 (2d Cir.), cert. denied, 273 U.S. 712, 47 S.Ct. 102, 71 L.Ed. 853 (1926); Bylin v. Bakken, 7 F.2d 614 (8th Cir. 1925). In the absence of extenuating circumstances the referee was entitled to infer that the statement was fraudulent. *See* Diorio v. Kreisler-Borg Construction Co., 407 F.2d 1330 (2d Cir. 1969); Aronofsky v. Bostian, 133 F.2d 290 (8th Cir. 1943).

■ The district court followed the well established rule that it would be bound by the referee's findings of fact unless they are clearly erroneous. *See* In re American Packers Exchange, Inc., 449 F.2d 1313 (1st Cir. 1971); Schwartz v. J. R. Cianchette & Sons Corp., 362 F.2d 500 (1st Cir. 1966); Brown v.

Freedman, 125 F.2d 151 (1st Cir. 1942). Whether or not fraud as an "ultimate fact" should be reviewed differently,[5] as Mascolo suggests, this record and the referee's subsidiary findings amply support the ultimate conclusion.

Mascolo also contends that since the omissions were immaterial the trustee improperly concluded that the actual facts did not warrant a discharge. The brief on appeal states that the most money the bankrupt had at one time in two of the omitted banks was $150 and $350 respectively and that the accounts were closed more than six months prior to the bankrupt's filing his voluntary petition. Mascolo asserts that he listed all the bank accounts on a statement filed in a corporate bankruptcy and that the bank accounts were examined by the trustee in bankruptcy. The record, on the other hand, reveals merely that while the Shawmut account was closed sometime in 1969, the Capitol account was no longer open at the time of filing. There is no indication how long before the filing the latter account was closed. The Shawmut, moreover, was not mentioned on the corporate statement of affairs. Although at one point Mascolo testified that the trustee examined all his records, he twice said that he was not sure if the records of one of his personal bank accounts had ever been examined.

■ It is true that omission of an irrelevant matter or of property having no value is not necessarily fatal. *See* In re Tabibian, 289 F.2d 793 (2d Cir. 1961); Willoughby v. Jamison, 103 F.2d 821 (8th Cir.), cert. denied, 308 U.S. 588, 60 S.Ct. 111, 84 L.Ed. 492 (1939). But Mascolo's false statement does not fall into that narrow category. Matters are material if pertinent to the discovery of assets, including the history of a bankrupt's financial transactions. *See* Metheany v. United States, 365 F.2d 90 (9th Cir. 1966). The possibility of

---

4. However, even the advice of counsel is not a defense when it is transparently plain that the property should be scheduled. 1A J. Moore & J. Mulder, Collier on Bankruptcy ¶ 14.23, n. 10 (King ed. 1974).

5. *See* In re Pioch, 235 F.2d 903 (3d Cir. 1956). *Contra,* In re Tabibian, 289 F.2d 793 (2d Cir. 1961); *cf.* Union Bank v. Blum, 460 F.2d 197 (9th Cir. 1972).

preference or fraudulent transfer makes an omission material. Keeble v. Sulmeyer, 290 F.2d 127 (9th Cir. 1961). Therefore, knowing and fraudulent omission of a bank account, whether or not it is closed at the time of filing, warrants the denial of discharge. *See* Avallone v. Gross, 309 F.2d 60, 61 (2d Cir. 1962). Referring to the omission of stocks and salary received several years before a voluntary filing where there was no suggestion that either was on hand at the time the petition was filed, Judge Swan has written:

> "It cannot be doubted that the creditors are entitled to inquire into what property has passed through the bankrupt's hands during a period prior to his bankruptcy. . . . we think that wide latitude must be accorded to such an examination, and that the materiality of the false oath will not depend upon whether in fact the falsehood has been detrimental to the creditors."

In re Slocum, 22 F.2d 282, 285 (2d Cir. 1927). *See* Duggins v. Heffron, 128 F.2d 546 (9th Cir. 1942). The successful functioning of the bankruptcy act hinges both upon the bankrupt's veracity and his willingness to make a full disclosure.

Mascolo's other objections are likewise without merit. The referee did not abuse his discretion by allowing an amendment of the creditor's application to conform to evidence adduced at the hearing. *See* In re Magen, 218 F. 692 (E.D.Pa.1914). It was allowed within the year after discharge. An amendment is not prejudicial *per se*. The referee correctly observed that if Mascolo had been surprised, he should have requested a continuance.

In light of the presumption in favor of the referee's findings, In re American Packers Exchange, Inc., *supra*, we see no reason to disturb the further findings that Rita Girl, Inc. was not guilty of laches and that knowledge of the fraud came to the creditor after the discharge had been granted. The ref-

eree correctly denied the bankrupt's motion to dismiss the creditor's application.

In conclusion, we note that appellant's brief is replete with statements of purported fact which the record either does not support or contradicts. Counsel's conduct in this regard is so far below acceptable standards that we are obliged to warn against its repetition at this bar. *See* ABA Code of Professional Responsibility Canon No. 7 (EC 7–3; DR 7–102 (A)(5)).

Affirmed.