**In re Philip J. CROSIER, Jr., and Mary F. Crosier, Seavey Hardware, Inc., Crosier Management, Inc., Gregoire's Hardware, Inc., Queensbury Mills Associates, Rochester Hardware, Inc., Boxer Trust, Debtors.**

Bankruptcy Nos. 90–11027, 90–11026, 90–11028 to 90–11031, and 90–11106.

United States Bankruptcy Court,
D. New Hampshire.

Aug. 27, 1991.

MEMORANDUM OPINION

JAMES E. YACOS, Bankruptcy Judge.

This Opinion sets forth in more detail the reasoning supporting a bench ruling and

Order entered August 23, 1991 approving a sale of assets put forward by the trustee in this case.

The case came before the Court for hearing on a notice of intended sale submitted by the trustee on July 17, 1991 which was noticed to all creditors and the debtor for hearing before this Court on August 23, 1991. Pursuant to the notice parties in interest were given until August 14, 1991 within which to submit any higher counteroffers in writing for the assets in question, together with a required deposit to support the counteroffer.

No creditor objected to the sale and the record indicates that the assets in question, being certain personal property and furniture items located in a house in Ocala, Florida, must be disposed of promptly to avoid moving and storage costs inasmuch as the premises in question have been foreclosed and are in the possession of the mortgagee Bank who is insisting upon their removal.

On August 14, 1991 the debtors filed not a counteroffer but an objection to the intended sale asserting that the assets in question were subject to their claim of exemption in this case. The assets were not disclosed in the debtor's original bankruptcy schedules and the debtors in fact shortly before bankruptcy caused the same to be packed up in their New Hampshire residence and shipped by Allied Van Lines to the Ocala, Florida location. Neither the existence of these assets nor their removal and transhipment to Florida was disclosed in the debtors' original bankruptcy schedules or to the trustee in bankruptcy until such time as the trustee in bankruptcy had independently discovered their existence. All of these matters are clearly of record in this case during numerous prior hearings in the case. These circumstances led the Court to enter an extraordinary order on April 1, 1991 authorizing the trustee to seize without notice various assets located both in Florida and in the Virgin Islands being held by the debtors or their agents in those locations.

■ The debtors, through new counsel, at the August 23rd hearing offered to prove their subjective innocence in the transactions involved due to what they assert was improper legal advice from incompetent prior legal counsel. However, an intent to deceive or defraud is not necessary to be determined for present purposes inasmuch as has been indicated the debtors as parties litigant caused the foregoing sequence of events to occur. As such, between themselves and the trustee in bankruptcy who has pressing obligations to liquidate the assets of this estate—particularly in the circumstances of the assets located in Ocala, Florida detailed above—the debtors in my judgment are not entitled to exempt the assets in question nor are they entitled to delay the necessary liquidation of the assets.

The debtors acting through their new counsel on June 12, 1991 filed amended schedules of assets and liabilities in this case, including in schedule B–4 a claim of exemption for specific assets located at their Dover, New Hampshire residence. In addition, they list the following further claim of exemption without any indication as to the value claimed exempt or the location of the property in question:

All other property of whatever kind or nature and wherever located, and/or any of the property listed above which exceeds the value of the exemptions to which it is entitled.

This claim was insufficient to put the trustee on notice of specific property or values claimed as exempt at the Ocala, Florida location and accordingly, while the trustee should have filed an objection to clarify this claim under Bankruptcy Rule 4003(b), the fact remains that the debtors did not timely make a claim for exemption of the specific property located in Ocala, Florida sufficient to prevent the trustee from proceeding to liquidate the assets in the circumstances.

Even if the claim of exemption were deemed sufficient to reach the specific property located in Ocala, Florida, the result would be the same in any event, since on the face of the record the debtors would not be entitled as a matter of law to exempt said assets transferred prior to the bankruptcy case. The transfer in question

was clearly voluntary on their part although they claim that they did it on advice of counsel.

■ For present purposes the Court assumes that they did in fact act on advice of counsel—a fact which I need not now determine. That does not help the debtors in these circumstances since the Bankruptcy Code in § 522(g) provides that a debtor may not claim exemption in assets recovered for the estate by the trustee where the original transfer by the debtor was voluntary. It has been held that this result follows even though there is no showing of fraud on the part of the debtors in the transfer. *Redmond v. Tuttle,* 698 F.2d 414, 417 (10th Cir.1983).

The argument by the debtors at the sale hearing confused issues that may be relevant with regard to their discharge or dischargeability of debts, i.e., alleged fraudulent concealment of assets, with the legal issues pertaining to exemption of recovered assets. It may well be that in any subsequent hearings relating to the debtors' discharge or dischargeability they may rebut inferences of fraud by virtue of reasonable reliance upon advice of their former counsel. Cf. *In re Mascolo,* 505 F.2d 274, 276–277 (1st Cir.1974).[1]

Accordingly, by its bench ruling and Order entered August 23rd the Court approved the trustee's sale of the assets in question, over the objection of the debtors, but provided that should they wish to make a counteroffer the same could be considered if the trustee received a counteroffer supported by a sufficient deposit within 7 days from the entry of that order and if appropriate opportunity was given to the original bidder to then meet or better the debtor's counteroffer. The determinations made with regard to the particular assets in question under the sale presented by the trustee on August 23rd are limited to that transaction and those assets and the sale proposed. Those determinations do not apply nor are they binding upon any other claims of exemption by the debtors and/or

any discharge or dischargeability issues that may be presented for decision in the further progress of this case.

---

1. The Court of appeals in *Mascolo* indicated however that "even the advice of counsel is not a defense when it is transparently plain that the

property should be scheduled." *Id.* at 277 (fn. 4).