Janice A. HARRIS, Debtor.

Ronald C. Chase, Plaintiff–Appellee,

v.

Janice A. Harris, Defendant–Appellant.

BAP No. MW 07–062.
Bankruptcy No. 06–41091–JBR.
Adversary No. 07–04004–JBR.

United States Bankruptcy Appellate Panel
for the First Circuit.

April 15, 2008.

John W. Connors, on brief for Appellant.

Vladimir von Timroth, on brief for Appellee.

Before HAINES, DEASY, and TESTER, United States Bankruptcy Appellate Panel Judges.

TESTER, Bankruptcy Judge.

The Debtor appeals from the bankruptcy court's order denying her discharge under 11 U.S.C. § 727(a)(4)(A). The Debtor concedes to all elements of § 727(a)(4)(A) except fraudulent intent. We conclude that the bankruptcy court's finding that the Debtor acted with fraudulent intent is not clearly erroneous, and we affirm the denial of her discharge.

## BACKGROUND

The Debtor filed a chapter 7 petition in June of 2006. Thereafter, creditor Ronald Chase ("Chase") filed a complaint objecting to her discharge under § 727(a)(4)(A), alleging that the Debtor had knowingly and fraudulently made a false oath in her bankruptcy case when she failed to list five credit card debts on her Schedule F. The bankruptcy court docket reflects that at no point in the proceedings did the Debtor move to amend her schedules.

At trial, the Debtor admitted that, indeed, she owed small amounts on five credit cards at the time she filed her bankruptcy petition, which she failed to list on her Schedule F. She argued, however, that the omission was not done with fraudulent

intent.[1] When asked whether she had intentionally failed to disclose the credit card debts, the Debtor replied:

> I didn't realize that I had to. These two [other debts] were—were so large amounts. That's what was on my mind at the time. I wasn't thinking about the small credit cards.

Chase then asked the Debtor to read aloud from the transcript of a Rule 2004 examination in which the Debtor had testified:

> I didn't list [the credit cards] because I didn't want to totally destroy my credit. That's basically—I didn't think I had to, you know, divulge these small little credit cards that didn't mean anything. They weren't anything huge.

When the evidence closed, the court recessed and returned with its decision in favor of Chase, denying the Debtor's discharge. The court stated that it was undisputed that the Debtor had signed the petition, schedules and statement of financial affairs, that she knew what she was signing, and that she knew at the time she signed them that she had failed to list five credit cards. The court further stated that although the Debtor first testified that she did not realize she had to list the credit card debts, she ultimately acknowledged that the real purpose for the omission was so she could keep the credit cards and not "totally destroy" her credit. The court then concluded that Chase had made the prima facie case under § 727(a)(4)(A), that the burden of persuasion had shifted to the Debtor and that the Debtor had failed to meet her burden. The Debtor timely appealed.

## JURISDICTION

■ The Panel has jurisdiction to hear appeals from "final judgments, orders and decrees." 28 U.S.C. § 158(a). The bankruptcy court's decision denying the Debtor's discharge is a final, appealable order. *See Aoki v. Atto Corp. (In re Aoki)*, 323 B.R. 803, 811 (1st Cir. BAP 2005).

## STANDARD OF REVIEW

■ The determination that a debtor acted with a fraudulent intent is a finding of fact reviewed for clear error. *Annino, Draper & Moore, P.C. v. Lang (In re Lang)*, 256 B.R. 539, 540 (1st Cir. BAP 2000). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entirety of the evidence is left with the definite and firm conviction that a mistake has been committed. *Anderson v. Bessemer City*, 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); *Cabral v. Shamban (In re Cabral)*, 285 B.R. 563, 571 (1st Cir. BAP 2002). If the trial court's account of the evidence is plausible in light of the record reviewed in its entirety, a reviewing court may not reverse. *Anderson*, 470 U.S. at 574, 105 S.Ct. 1504. Factual findings based primarily on the credibility and demeanor of the debtor should be given deference. *Palmacci v. Umpierrez*, 121 F.3d 781, 785 (1st Cir.1997) (citing *In re Burgess*, 955 F.2d 134 (1st Cir.1992)). Contrary to the Debtor's assertion in her brief and at oral argument, there is no legal basis to support a *de novo* review by this Panel.

## DISCUSSION

■ Under § 727(a)(4)(A), a debtor can be denied her discharge only if she (i) knowingly and fraudulently made a false oath, (ii) relating to a material fact in her bankruptcy case. 11 U.S.C.

---

**1.** The Debtor failed to include in her appendix any legal memoranda filed by the parties in connection with this matter. We glean the parties' arguments, therefore, from the complaint, the answer, and the trial transcript.

§ 727(a)(4)(A); *Boroff v. Tully (In re Tully)*, 818 F.2d 106 (1st Cir.1987). Once it reasonably appears that the debtor made a false oath, the burden shifts to the debtor to come forward with evidence that she has not committed the offense charged. *In re Tully*, 818 F.2d at 110 (citing *Matter of Mascolo*, 505 F.2d 274, 276 (1st Cir. 1974)). Here, the Debtor admits that she made a false oath relating to a material fact in her bankruptcy case. The Debtor further admits that Chase made out a prima facie case under § 727(a)(4)(A). The only issue on appeal, therefore, is whether the bankruptcy court was clearly erroneous in finding that the Debtor acted with fraudulent intent.

A "reckless indifference to the truth" constitutes a fraudulent intent for purposes of § 727(a)(4)(A). *In re Tully*, 818 F.2d at 112 (quoting *Diorio v. Kreisler–Borg Constr. Co. (In re Diorio)*, 407 F.2d 1330, 1331 (2d Cir.1969)). Here, the Debtor first stated at trial that she had omitted the credit card debts because she did not realize she had to disclose them. When reminded of her testimony from the 2004 examination, the Debtor admitted that she had not listed the debts because "I didn't want to totally destroy my credit." Moreover, she made no effort to amend her schedules even after admitting during the 2004 examination that she had failed to disclose the debts. There is no question that the Debtor acted with a reckless indifference to the truth, and in fact omitted the credit card debts with the intent to deceive. The bankruptcy court's finding that the Debtor acted with a fraudulent intent is, therefore, amply supported by the record. *See Anderson*, 470 U.S. at 573, 105 S.Ct. 1504; *In re Cabral*, 285 B.R. at 571.

At oral argument, the Debtor made much of the notion that she did not intend to harm anyone, and even went so far as to suggest that, in fact, no one was harmed by the omission. At a minimum, the omission most certainly did harm the credit card companies, as the debts would have been discharged without their having had an opportunity to assert any objections they may have had. Further, while sworn statements are to be treated with seriousness in any court proceeding, this is especially so in bankruptcy where the successful functioning of the bankruptcy system hinges on both the debtor's truthfulness and her willingness to make a full disclosure. *In re Tully*, 818 F.2d at 110. "Neither the trustee nor the creditors should be required to engage in a laborious tug-of-war to drag the simple truth into the glare of daylight." *Id.* Indeed, the very purpose of § 727(a)(4)(A) is to protect the integrity of the bankruptcy process by ensuring that those who seek its protection "do not play fast and loose with their assets or with the reality of their affairs." *Id.* at 109. The bottom line is that this Debtor sought to use the bankruptcy system to her advantage while avoiding its consequences. The system simply does not abide such dishonesty, no matter how minor the Debtor would have us believe the omission was.

### CONCLUSION

The bankruptcy court's finding that the Debtor acted with a fraudulent intent in omitting five credit card debts from her bankruptcy schedules was not clearly erroneous. The bankruptcy court's decision denying the Debtor's discharge under § 727(a)(4)(A) is **AFFIRMED**.