# United States Court of Appeals
## For the First Circuit

No. 17-1463

IN RE: KIMBERLY ANN ZIZZA,

Debtor.

KIMBERLY ANN ZIZZA,

Appellant,

v.

WILLIAM K. HARRINGTON,

UNITED STATES TRUSTEE FOR REGION 1,

Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Indira Talwani, U.S. District Judge]

Before

Lynch, Stahl, and Barron,
Circuit Judges.

David G. Baker, on brief for appellant.
Eric K. Bradford, Stephen E. Meunier, and John Postulka, Trial
Attorneys for the Office of the US Trustee, on brief for appellee.

November 15, 2017

**STAHL**, <u>Circuit Judge</u>.  Kimberly Ann Zizza appeals an order from the bankruptcy court denying her Chapter 7 discharge on the grounds that she made material, knowing, and fraudulent false oaths in the course of her bankruptcy proceedings.  11 U.S.C. § 727(a)(4).  The bankruptcy court found that Zizza had failed to disclose in her schedules and at her first creditors' meeting, with reckless indifference to the truth, two lawsuits to which she was a party.  After careful consideration, we affirm.

## I.

Zizza is a licensed attorney in Massachusetts.  In 2007 and 2008, she was involved in two separate automobile accidents in which she claims she sustained injuries.  On November 23, 2010, she filed suit against the driver in the first accident in Essex Superior Court in Lawrence ("the <u>Duffy</u> action").  On February 11, 2011, she filed suit against the driver in the second accident in Essex Superior Court in Salem ("the <u>Sapienza</u> action").  On February 25, 2011, the Superior Court dismissed the <u>Duffy</u> action for failing to meet the court's $25,000 jurisdictional threshold.

On March 6, 2011, Zizza filed a voluntary bankruptcy petition under Chapter 13, retaining Anthony Rozzi as her attorney for the bankruptcy case.  In her initial Statement of Financial Affairs, Zizza was asked to identify all suits to which she was a party within one year of filing her bankruptcy case.  In her filed

schedules, she did not disclose either the Duffy or Sapienza actions.

At the first meeting with her creditors on April 8, 2011, Zizza, accompanied by Attorney Rozzi, testified under oath and when asked whether there were any changes she wanted to make to her initial filings, she said "No." Attorney Rozzi stepped in and stated that "[t]here are lawsuits . . . [t]hat need to be added . . . both lawsuits that Ms. Zizza or Attorney Zizza has out. And, uh, and she also has a personal injury claim." Later at the meeting, Attorney Rozzi said that he was "going to add any lawsuits that are important" in an amended filing. Finally, when the Chapter 13 trustee asked about a $20,000 payment listed in the plan, Zizza responded that she had "several judgments right now" and was "anticipating that one of those judgments would come through by the end of the plan." Four days after the creditors' meeting, Zizza appeared in Essex Superior Court to argue a motion to reinstate the Duffy action.

Attorney Rozzi filed amended schedules on Zizza's behalf on September 23, 2011, which added several accounts receivable and money judgments, but did not list either the still pending Duffy or Sapienza actions. In September of 2012, Zizza settled the Sapienza action for $20,000, but she did not seek bankruptcy court approval for the settlement. On October 5, 2012, the Chapter 13 trustee, still unaware of the two lawsuits or the settlement, filed

- 4 -

a motion to dismiss Zizza's bankruptcy case for failure to make plan payments. In response, on October 30, 2012, Zizza again amended her filings, finally disclosing the Duffy and Sapienza actions, as well as the settlement in Sapienza.

In light of Zizza's failure to disclose the Duffy and Sapienza actions in a timely manner, the Chapter 13 trustee moved to convert Zizza's Chapter 13 petition to a Chapter 7 petition. At the hearing on the trustee's motion, Attorney Rozzi argued that Zizza had not disclosed the lawsuits earlier because she did not believe they were viable. Attorney Rozzi further claimed that Zizza had not told him that the two lawsuits were active until October 2012.

The bankruptcy judge granted the motion to convert the case to a Chapter 7 petition, concluding that Zizza's failure to disclose the lawsuits indicated that she had not filed her bankruptcy case in good faith. The United States Bankruptcy Appellate Panel for the First Circuit affirmed the bankruptcy judge's decision. Zizza v. Pappalardo (In re Zizza), 500 B.R. 288 (B.A.P. 1st Cir. 2013).

Thereafter, on September 30, 2014, William Harrington, the United States Trustee for Region One, commenced an action seeking to deny Zizza's discharge on the grounds that she had made false oaths within the meaning of 11 U.S.C. § 727(a)(4), or alternatively, that she had concealed property of the estate within

- 5 -

the meaning of 11 U.S.C. § 727(a)(2)(B) by failing to disclose the two lawsuits. After a trial, the bankruptcy judge denied Zizza's discharge under 11 U.S.C. § 727(a)(4), concluding that she had acted with reckless indifference to the truth by failing to disclose the two lawsuits in a timely manner. The bankruptcy judge did not address the alternative grounds for denying discharge under 11 U.S.C. § 727(a)(2)(B).

Zizza appealed to the district court, which affirmed the bankruptcy court's decision. Zizza v. Harrington (In re Zizza), No. 16-CV-40102-IT, 2017 WL 925002, at *1 (D. Mass. Mar. 8, 2017). A timely appeal to this court followed.

## II.

While the district court affirmed the bankruptcy court's decision, we review the bankruptcy court's decision directly and "cede no special deference to the district court's determinations." Gannett v. Carp (In re Carp), 340 F.3d 15, 21 (1st Cir. 2003). We review the bankruptcy court's findings of fact for clear error and its conclusions of law de novo. Id. "Whether a debtor possessed the requisite intent for purposes of § 727 is 'a question of fact, subject to the clearly erroneous standard of review.'" Robin Sing Educ. Servs., Inc. v. McCarthy (In re McCarthy), 488 B.R. 814, 825 (B.A.P. 1st Cir. 2013) (quoting Warchol v. Barry (In re Barry), 451 B.R. 654, 658 (B.A.P. 1st Cir. 2011)); see also Toye v. O'Donnell (In re O'Donnell), 728 F.3d 41,

45 (1st Cir. 2013) ("The case for deferring to the bankruptcy judge's factfinding is 'particularly strong' when intent is at issue--since an intent finding depends heavily on the debtor's credibility, and the bankruptcy judge is uniquely qualified to make that call.").

Under § 727(a)(4)(A), a debtor may be denied a discharge if "(1) [he] made a false statement under oath in the course of his bankruptcy proceeding; (2) he did so knowingly and fraudulently; and (3) the false statement related to a material fact."  Hannon v. ABCD Holdings, LLC (In re Hannon), 839 F.3d 63, 70 (1st Cir. 2016).  A false statement is material if it "bears a relationship to the debtor's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of property."  Id. at 75.  As to the second element, "'reckless indifference to the truth' . . . has consistently been treated as the functional equivalent of fraud for the purposes of § 727(a)(4)(a)."  Boroff v. Tully (In re Tully), 818 F.2d 106, 112 (1st Cir. 1987).

Zizza does not seriously contest the first and third elements of falsity and materiality.  Zizza stipulated in the bankruptcy court that she failed to disclose the two lawsuits in her amended schedules.  Omissions from schedules can constitute false oaths, In re Hannon, 839 F.3d at 71; see also Premier Capital, LLC v. Crawford (In re Crawford), 841 F.3d 1, 8 (1st Cir.

- 7 -

2016) ("When a debtor files her Schedules, she does so under the equivalent of an oath."), and an omission of two pending lawsuits clearly concerned the estate's property. In re Hannon, 839 F.3d at 75.[1]

Zizza focuses her argument on the second denial of discharge element, which concerns scienter. According to Zizza, she informed Attorney Rozzi of the two lawsuits before the first creditors' meeting and it was Attorney Rozzi's negligence that led to the lengthy delay in disclosing the two lawsuits.

It is true that "an explanation by a bankrupt that he had acted upon advice of counsel who in turn was fully aware of all the relevant facts generally rebuts an inference of fraud." In re Mascolo, 505 F.2d 274, 277 (1st Cir. 1974). At the same time, "even the advice of counsel is not a defense when it is transparently plain that the property should be scheduled." Id. at 277 n.4.

Here, the bankruptcy judge did not clearly err when he found that Zizza had made false statements with reckless indifference to the truth. The bankruptcy judge found that Zizza

_____

[1] In her reply brief, Zizza argues for the first time that any false oaths she made during her Chapter 13 proceedings were not made "in or in connection with" her Chapter 7 proceedings, 11 U.S.C. § 727(a)(4), and therefore cannot form the basis for denying her discharge. Because she did not develop this argument until her reply brief, Zizza has not preserved it for appeal. Braintree Labs., Inc. v. Citigroup Glob. Mkts. Inc., 622 F.3d 36, 43-44 (1st Cir. 2010).

did not inform Attorney Rozzi that the Duffy and Sapienza actions were pending until October 2012, and the record supports this finding. Although Attorney Rozzi's comments at the creditors' meeting indicate that he was aware of some pending lawsuits, he testified at the discharge trial that he believed the lawsuits faced jurisdictional and statute of limitations issues that prevented them from being prosecuted. He further testified that Zizza did not tell him the lawsuits were active until October 2012. As to Zizza's explanation for the delay, the bankruptcy judge found that Zizza's testimony at trial "was not credible in any respect." Because the bankruptcy judge did not clearly err in finding that Zizza did not disclose to Attorney Rozzi that the lawsuits were pending until October 2012, Zizza cannot claim she made Attorney Rozzi fully aware of all the relevant facts.

It should have been "transparently plain" to Zizza, an experienced attorney, that she had an obligation to disclose the two lawsuits. In re Mascolo, 505 F.2d at 277 n.4. The question in the initial Statement of Financial Affairs could not have been clearer; it asked her whether she was involved in any suits within one year preceding her bankruptcy filing. Similarly, at the creditors' meeting, she was asked directly whether she needed to make any changes to her initial filings, and she responded "No." Yet, only four days later, she was in state court arguing a motion to reinstate the Duffy action. As the bankruptcy judge found, the

questions posed to Zizza "were in plain English, and as an attorney, Ms. Zizza knew the meaning of signing documents under oath."

Finally, Zizza argues that the bankruptcy judge relied improperly on the Bankruptcy Appellate Panel's earlier decision in making his factual determinations. A review of the record reveals otherwise. Although the bankruptcy judge adopted "portions" of the Bankruptcy Appellate Panel's recitation of facts in his opinion, he did so only after reviewing the evidence submitted at trial and finding the panel's recitation "correctly and succinctly describe[d] the material events." The bankruptcy judge undertook his own independent review of the evidence.

Because we affirm the denial of discharge under § 727(a)(4)(A), we do not address the United States Trustee's alternative argument that Zizza concealed property of the estate as described in § 727(a)(2).

For the foregoing reasons, we affirm. Costs are awarded to the United States Trustee.