In the
United States Court of Appeals
For the Seventh Circuit

No. 00-2523

Diego J. Herbstein,

Plaintiff-Appellee,

v.

Martin E. Bruetman,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 92 C 7948--George W. Lindberg, Judge.

Argued January 17, 2001--Decided February 21, 2001

Before Easterbrook, Evans, and Williams, Circuit
Judges.

Easterbrook, Circuit Judge. The refractory Martin
Bruetman is back. Almost a decade ago Bruetman
sustained a $19 million default judgment when he
left for Argentina rather than participate in
discovery during a civil suit in Chicago. We told
the district court to give Bruetman a second
chance if he returned to the United States and
cooperated fully. Philips Medical Systems
International, B.V. v. Bruetman, 982 F.2d 211
(7th Cir. 1992). Bruetman returned but bridled at
following directions. He announced that he would
be the judge of which judicial orders would be
implemented. That defiant stance fell well short
of full cooperation, we held when affirming the
renewed entry of default judgment. Philips
Medical Systems International B.V. v. Bruetman,
8 F.3d 600 (7th Cir. 1993).

Chicago was only one venue for litigation
against Bruetman. Diego Herbstein also had sued
Bruetman, whose disdain for orderly legal process
led to a default judgment of $2.7 million in
federal court in New York. Bruetman did not
bother to appeal that judgment, but neither did
he pay. Herbstein initiated collection
proceedings in Boston (see 1993 U.S. Dist. Lexis
2573 (D. Mass. Feb. 16, 1993)) and Chicago. As
Fed. R. Civ. P. 69(a) provides, enforcement
proceedings are conducted in accord with state

law--for the Chicago proceeding, Ill. S. Ct. R. 277. In January 1993 the district court in Chicago issued a citation requiring Bruetman to appear for examination under oath. He did not appear, and when the examination was rescheduled he left this country without warning, again finding Argentina more to his liking.

Eventually the district court issued an order for Bruetman's arrest (quaintly called a writ of "body attachment"), but the papers were returned unexecuted. The proceeding lingered on the docket until January 1999, when a private detective tracked down Bruetman, who had returned to the United States without notifying the court or Herbstein. The district judge then gave Bruetman a way to avoid confinement: he could surrender his passport to ensure that he remained available until he had identified all of his assets. Bruetman handed over the passport, and at long last he submitted to an examination under oath. One day proved insufficient and the examination was adjourned, but before it could resume Bruetman filed a bankruptcy petition and asserted that this excused him from attending another session.

Bruetman soon implored the district court to release his passport, contending that with the bankruptcy under way the collection proceeding should be dismissed. After the bankruptcy court modified the automatic stay to allow the district judge to rule on this motion, the judge denied Bruetman's request, remarking that he had been untrustworthy in the past and should be kept within the United States to allow collection if the bankruptcy court did not discharge Bruetman's substantial debt to Herbstein. Bruetman has appealed from this order. While the appeal was pending, Bankruptcy Judge Schmetterer held that Bruetman's debt to Herbstein arises from Bruetman's fraud and embezzlement, so that 11 U.S.C. sec.523(a)(2)(A) and (a)(4) preclude its discharge. In re Bruetman, 2000 Bankr. Lexis 1476 (Bankr. N.D. Ill. Dec. 12, 2000).

Appellate jurisdiction is the first issue we must consider. The collection proceeding remains pending on the court's docket, as does the bankruptcy proceeding. As a rule, appeal must await the terminating order--the decision that "'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" Van Cauwenberghe v. Biard, 486 U.S. 517, 521-22 (1988), quoting from Catlin v. United States, 324 U.S. 229, 233 (1945). That time has yet to come, for the district court plans to hold the collection proceeding (and the passport) until after the bankruptcy proceeding. Yet we also know from Cohen v. Beneficial Industrial Loan Corp.,

337 U.S. 541 (1949), that an order to post security can be immediately appealable, under what has come to be called the "collateral order doctrine." Cohen held that an order to post a bond as security for payment of costs is immediately appealable because it finally determines an issue collateral to the merits of the suit, is unreviewable at the end, and is too important to leave without the possibility of review. See also Swint v. Chambers County Comm'n, 514 U.S. 35, 42 (1995). We could not find any case dealing with the application of the Cohen principle to passports, but the template fits. Posting a passport as security, like posting a bond as security, is unrelated to the merits of the case and correspondingly can't be reviewed after a final decision. No court would prevent Herbstein from executing on assets located during the proceeding just because Bruetman should have been allowed to travel abroad while it was pending. Whether a litigant enjoys an element of personal freedom such as ability to travel is certainly no less important than whether that litigant must post a bond. Cf. Kent v. Dulles, 357 U.S. 116 (1958).

So the critical question is whether the district court's order finally determines the disposition of the passport while the case continues. Herbstein suggests that the decision may have been temporary rather than final; perhaps Bruetman could have his passport back if he asked again, with better support. Bruetman told the district court that he needed the passport to attend a medical conference in Canada; maybe if he had a better reason the district judge would act favorably. Although we cannot rule out the possibility that Bruetman could yet induce the judge to change his mind, we read the judge's decision as conclusive. When denying Bruetman's motion for release of the passport, the judge did not say that the conference was an insufficient reason. The judge said, rather, that Bruetman had demonstrated his faithlessness and might well leave the United States indefinitely if given the opportunity. Bruetman's conduct affords ample cause for that concern. Because the district judge's reason is unrelated to a particular trip that Bruetman might want to take, the decision to withhold the passport must be deemed conclusive. All components of the collateral order doctrine have been satisfied, and we have appellate jurisdiction.

As for the merits of Bruetman's appeal: it is to laugh. Just as the district judge said, Bruetman has demonstrated a propensity to leave the country when the heat is turned up, so if Herbstein is to have a fighting chance of

locating assets on which to execute, Bruetman must be kept here until the examination process ends. Bruetman's only realistic alternative to handing over his passport was to be imprisoned (for civil contempt of court) while the process ran its course. Someone who had always followed the rules would have a much stronger position. Judges can't routinely immobilize litigants. Even in cases under the equity jurisdiction (which this is not), judges must respect traditional limitations on their powers, Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc., 527 U.S. 308, 321-24 (1999), unless positive law enlarges them--and no law or rule of which we are aware authorizes impoundment of passports as a form of security. Cf. Guzell v. Hiller, 223 F.3d 518 (7th Cir. 2000). But a judge does have the power to imprison a recalcitrant litigant for contempt, implying the lesser power to set conditions on freedom. Surrendering one's passport is a common condition of release on bail, which is Bruetman's effective status. (This perspective reinforces the jurisdictional conclusion, for orders setting terms of bail are appealable. Stack v. Boyle, 342 U.S. 1 (1951).) Just as a litigant held in civil contempt has the keys in his own pocket--for he will be released as soon as he cooperates--so Bruetman can get his passport back whenever he pleases. All he need do is complete the examination, fully disclosing all of his assets. Then the proceedings will end and Bruetman will be free to travel (though his assets must stay behind). Bruetman's enduring refusal to cooperate--first by failing to appear for examination, then by leaving the country, next by concealing his return to the United States, and now by using bankruptcy as the excuse for refusing to undergo more questioning--amply justifies restricting his ability to skip the country yet again.

Nonetheless, Bruetman insists, the collection proceeding should be dismissed without taking any further evidence. He gives two reasons: the bankruptcy proceeding and the long duration of the collection proceeding. Neither carries the day. A bankruptcy court does not attempt to enforce judgments; the court determines creditors' entitlements, but after these have been fixed it remains essential to lay hands on the debtor's assets, so there is room for collection proceedings such as this. Even if the default judgment were treated as creating an ordinary unsecured debt subject to discharge, Bruetman still would have to surrender all of his assets (other than those covered by an exemption). Bruetman has fought tooth and nail to avoid revealing his assets; we cannot imagine why an asset-discovery proceeding under way for eight years should be dismissed and Herbstein forced to

start from scratch in the bankruptcy--especially when the bankruptcy might itself be dismissed as filed in bad faith. The collection proceeding has outlasted the six-month line in Ill. S. Ct. R. 277(f), but that rule adds: "The court may, however, grant extensions beyond the 6 months, as justice may require." Justice requires an extension, so that Bruetman's shenanigans do not defeat his creditor's rights. Herbstein is entitled to six months of cooperation from Bruetman. See RTC v. Ruggiero, 994 F.2d 1221, 1228 (7th Cir. 1993). So far as we can see, however, he has received only one day of cooperation in an eight-year period. This citation proceeding will continue until Herbstein has received his due.

Affirmed