Diego J. **HERBSTEIN,**
Plaintiff–Appellee,

v.

Martin E. **BRUETMAN,** Defendant–
Appellant.

Nos. 01–3583, 01–3587.

United States Court of Appeals,
Seventh Circuit.

Submitted March 25, 2002.*

Decided April 5, 2002.

Rehearign and Rehearing En Banc
Denied April 30, 2002.

Before EASTERBROOK, EVANS, WILLIAMS, Circuit Judges.

### Order

For more than a decade, Diego Herbstein has been trying to collect a multimillion dollar judgment against Martin Bruetman. *Herbstein v. Bruetman,* 241 F.3d 586 (7th Cir.2001), the most recent episode to reach this court, narrates a small part of the contretemps. We recounted there that Bruetman had asked a bankruptcy court to discharge the debt to Herbstein, and that the bankruptcy judge had declined. *In re Bruetman,* 259 B.R. 649 (Bankr.N.D.Ill. 2001). Since then, the district court has affirmed this decision, 266 B.R. 676 (N.D.Ill.2001), and has denied Bruetman's request for sanctions against Herbstein for what Bruetman calls a violation of the automatic stay in bankruptcy. In appeal No. 01–3583 Bruetman contests the non-discharge decision, and No. 01–3587 concerns sanctions.

We directed the parties to address in No. 01–3583 the question whether we have appellate jurisdiction. The responses show that we do. The adversary action concerning dischargeability has been concluded, and the bankruptcy itself is closed. The decision thus is final and appealable. 28 U.S.C. § 158(d). On the merits, we affirm for the reasons given by the district judge. Likewise we affirm in No. 01–3587 for the reasons stated by the district court. Bruetman must stop litigating and start cooperating in the repayment of this debt.

AFFIRMED

---

* These appeals have been submitted to the panel that heard the most recent related appeal. See Operating Procedure 6(b). After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R.App. P. 34(a); Cir. R. 34(f).