United States Court of Appeals
Fifth Circuit

**F I L E D**

September 23, 2004

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 04-10388
Summary Calendar

In The Matter Of: ROBERT W. CORNWELL,

Debtor.

-------------------------

ROBERT W. CORNWELL; HARRY JOEL STANLEY,

Appellants,

versus

DAVID LOESCH; GREG ERHARD,

Appellees.

Appeal from the United States District Court
for the Northern District of Texas
(3:03-CV-2826-P)

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Robert W. Cornwell and Harry Joel Stanley appeal the district
court's affirmance of the bankruptcy court's nondischargeability
ruling. The bankruptcy court did so because it gave preclusive
effect to a judgment from the United States District Court for the
District of Kansas.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In January 2002 the Kansas district court rendered judgment in favor of Loesch and Erhard, Appellees here, "based upon the findings of [Cornwell's and Stanley's] obtaining funds *under false pretenses, false representations and actual fraud* in the amount of $627,030.60". (Emphasis added.) The judgment included a finding that Cornwell and Stanley "have entered into a course of conduct in this litigation of failing to comply with court orders, failing to comply with discovery deadlines, failing to file required discovery disclosures, and have pursued a policy of obfuscation, refusing to cooperate in discovery and refusing to supply required disclosures ... despite repeated warnings by [the] United States Magistrate".

Loesch and Erhard took this judgment to their already-pending adversary action in bankruptcy court that is the subject of this appeal. The bankruptcy judge, finding no genuine issue of material fact that there was a debt for money obtained by "*false pretenses, a false representation, or actual fraud*", 11 U.S.C. § 523(a)(2)(A) (emphasis added), awarded summary judgment to Loesch and Erhard on the nondischargeability of the debt. The district court affirmed.

Cornwell and Stanley contend: there was insufficient evidence for the bankruptcy court to conclude that the issue before it was "actually litigated" in federal court in Kansas; our precedent holding that judgments entered as sanctions are "actually litigated" for purposes of collateral estoppel do not apply because the judgment was not entered as a sanction.

"[I]ssue preclusion principles apply in section 523(a) discharge exception proceedings". *E.g., **Sheerin v. Davis (In re Davis**)*, 3 F.3d 113, 114 (5th Cir. 1993). Of course, in order to apply issue preclusion, a court must be given sufficient record evidence of the prior proceeding to determine that the requirements are met. The parties agree that the three requirements for collateral estoppel in federal court are: identity of issue between two proceedings; issue was "actually litigated" in prior proceeding; issue was necessarily determined in prior proceeding. *E.g., **id**.* They also agree that at issue is only the second requirement: issue actually litigated.

Along this line, federal courts give state court judgments the same preclusive effect that the state courts would. ***Gober v. Terra + Corp. (In re Gober**)*, 100 F.3d 1195, 1201 (5th Cir. 1996). In appeals involving the effect of *state* court judgments, we have held various kinds of default judgments satisfied the "actually litigated" requirement. *E.g., **Garner v. Lehrer (In re Garner**)*, 56 F.3d 677, 680 (5th Cir. 1995) (Texas post-answer default judgment); ***Gober**,* 100 F.3d at 1204-05 (Texas post-answer default judgment, after answer was struck); ***Caton v. Trudeau (In re Caton**)*, 157 F.3d 1026, 1028-29 (5th Cir. 1998) (Illinois default judgment), *cert. denied*, 526 U.S. 1068 (1999). ***Gober*** discussed the fact that the state court "struck Gober's pleadings only after Gober had repeatedly impeded the course of the proceedings by refusing to

3

comply with discovery and by defying court orders". 100 F.3d at 1205-06. Cornwell and Stanley do not contend that this case — involving the preclusive effect of a *federal* court judgment in Kansas — requires a different rule.

If there was evidence for the bankruptcy court to conclude that the Kansas judgment was a post-answer default entered as a sanction for discovery violations, it could conclude that the issue was "actually litigated" and issue preclusion applied. As shown by the above-quoted Kansas district court judgment, the bankruptcy court did not err in concluding that the issue was a sanction which made it "actually litigated" for estoppel purposes. For the reasons stated by the district court, Cornwell and Stanley's contention (judgment not "actually litigated" because Kansas district court made passing reference to the preponderance of the evidence) is without merit.

Finally, Cornwell and Stanley assert that the Kansas judgment was not a default judgment and, therefore, the preceding authority is inapplicable. This issue was *not* raised in district court; we will not consider it here. Moreover, that the Kansas judgment was a default judgment was apparently conceded in bankruptcy court by Cornwell and Stanley.

*AFFIRMED*

4