# United States Court of Appeals
## For the First Circuit

No. 24-1766

IN RE: MARY E. BUSCONE,

Debtor.

MARY E. BUSCONE,

Appellant,

v.

ANN TRACY BOTELHO,

Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Julia E. Kobick, U.S. District Judge]

Before

Aframe, Lynch, and Howard,
Circuit Judges.

David G. Baker on brief for appellant.

Michael B. Feinman and Feinman Law Office on brief for
appellee.

April 2, 2025

**PER CURIAM**.  Chapter 13 debtor-appellant Mary E. Buscone appeals from an order rejecting her objection to a proof of claim for a Massachusetts state-court judgment that Buscone owes to appellee Ann Tracy Botelho.  Through an adversary proceeding in Buscone's previous Chapter 7 bankruptcy, Botelho sought a determination that her judgment against Buscone was excepted from discharge under 11 U.S.C. § 523(a)(2)(A) and (a)(4).  Because of discovery abuse by Buscone and her counsel in that proceeding, the bankruptcy court entered default judgment for Botelho.  Now in her second bankruptcy, this time under Chapter 13, Buscone objects to Botelho's proof of claim for that debt on the same grounds raised previously and, alternatively, asserts that the interest rate and accrual date prescribed by Massachusetts state law should not apply to the Massachusetts state-court judgment.  We affirm.

## I.

The facts of Buscone's and Botelho's business relationship as well as their ensuing bankruptcies and litigation are detailed in a prior opinion by this court on appeal of the Chapter 7 judgment, see Botelho v. Buscone (In re Buscone), 61 F.4th 10, 16-20 (1st Cir. 2023), and by the district court in the instant case, see Buscone v. Botelho (In re Buscone), No. 23-cv-13254, 2024 WL 3744547, at *1-3 (D. Mass. Aug. 9, 2024).  We briefly recount the facts essential to this appeal.

Buscone and Botelho were partners in a now-defunct frozen yogurt business from May 2012 until January 2014. Botelho, 61 F.4th at 16-17. Botelho later sued Buscone in Massachusetts state court, alleging various causes of action pertaining to their business relationship. Id. at 17 & n.6. When Buscone failed to respond to the suit, Botelho obtained a default judgment against her in the amount of $91,673.45 "plus all interest and costs due thereunder." Id. at 17, 32.

Shortly thereafter, Buscone filed for Chapter 7 bankruptcy relief. Id. at 17. Botelho initiated an adversary proceeding against her, seeking a determination that the state-court judgment was nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) and (a)(4). Id. Ultimately, because of significant discovery misconduct by Buscone and her counsel, David G. Baker, the bankruptcy court awarded default judgment to Botelho. Id. at 18-19. We affirmed on appeal. Id. at 36.

After Buscone subsequently initiated the instant Chapter 13 bankruptcy proceeding, Botelho filed a proof of claim for the state-court judgment debt excepted from the Chapter 7 proceeding, which she tabulated at $145,140.42 -- the principal value of the original judgment plus $53,466.97 in accumulated post-judgment interest. Buscone objected, raising a previous judicial-estoppel argument from the Chapter 7 proceeding and, alternatively, asserting that Botelho's interest calculation was wrong. As to

the latter, Buscone contended that interest should accrue on the judgment debt at the federal rate for civil money judgments, see 28 U.S.C. § 1961, and only as of the issuance of the bankruptcy court's default judgment in the Chapter 7 proceeding, which would amount to $257.44 by Buscone's calculations. The bankruptcy court overruled Buscone's objection on both bases, and the district court affirmed. Buscone, 2024 WL 3744547, at *5-6. This appeal followed.

## II.

"We review the bankruptcy court's findings of fact for clear error and its conclusions of law de novo." Zizza v. Harrington (In re Zizza), 875 F.3d 728, 731 (1st Cir. 2017). "Notwithstanding the fact that we are the second-in-time reviewers, we cede no special deference to the district court's determinations." Premier Cap., LLC v. Crawford (In re Crawford), 841 F.3d 1, 6 (1st Cir. 2016) (quoting Gannett v. Carp (In re Carp), 340 F.3d 15, 21 (1st Cir. 2003)).

We review the application of issue preclusion de novo. Santiago-Martínez v. Fundación Damas, Inc., 93 F.4th 47, 51 (1st Cir. 2024). Determinations of the rate and accrual date of post-judgment interest are likewise reviewed without deference. See Fratus v. Republic W. Ins. Co., 147 F.3d 25, 30 & n.5 (1st Cir. 1998).

- 4 -

Buscone reiterates the same two arguments to us that she unsuccessfully advanced before the district court: (1) that her judicial-estoppel argument is not precluded by the bankruptcy court's default judgment against her in the Chapter 7 proceeding; and (2) that any post-judgment interest on the state-court judgment debt should accrue at the federal (as opposed to state) rate from the date on which the bankruptcy court's default judgment issued (as opposed to the date on which the state court's default judgment did).  See Buscone, 2024 WL 3744547, at *4-6.  We reject each argument.

**A.**

Buscone first challenges the bankruptcy court's conclusion that she is precluded from raising the same affirmative defense to Botelho's proof of claim that she asserted in her motion to dismiss Botelho's adversary proceeding in the Chapter 7 bankruptcy.  She notes that, in her first bankruptcy proceeding, the court never reached the merits of her defense, and therefore, she argues, it "has never been litigated."

Four elements must generally be satisfied to collaterally estop a party from relitigating a factual or legal issue in federal court: "(1) the issue sought to be precluded must be the same as that involved in the prior action; (2) the issue must have been actually litigated; (3) the issue must have been

- 5 -

determined by a valid and binding final judgment; and (4) the determination of the issue must have been essential to the judgment." Grella v. Salem Five Cent Sav. Bank, 42 F.3d 26, 30 (1st Cir. 1994). The second, "actual-litigation" element is usually unattainable when the prior action resulted in a default judgment, as a default does not require actual litigation of any of the issues raised. See Restatement (Second) of Judgments § 27 cmt. e (1982) ("In the case of a judgment entered by . . . default, none of the issues is actually litigated. Therefore, [issue preclusion] does not apply with respect to any issue in a subsequent action.").

We join numerous other circuits in applying an exception to this rule: where the default judgment was entered as a sanction for the estopped litigant's misconduct, and that litigant had the opportunity to participate in the case before the default judgment's entry, the default judgment has preclusive effect. See Murphy v. Snyder, (In re Snyder), 939 F.3d 92, 100-01 (2d Cir. 2019); Wolstein v. Docteroff (In re Docteroff), 133 F.3d 210, 215 (3d Cir. 1997); Cornwell v. Loesch (In re Cornwell), 109 F. App'x 682, 684 (5th Cir. 2004) (per curiam) (unpublished); Herbstein v. Bruetman, 266 B.R. 676, 683-86 (N.D. Ill. 2001), aff'd, 32 F. App'x 158 (7th Cir. 2002) (unpublished); FDIC v. Daily (In re Daily), 47 F.3d 365, 368-69 (9th Cir. 1995) (per curiam); Melnor, Inc. v. Corey, (In re Corey), 583 F.3d 1249, 1252-53 (10th Cir. 2009);

Bush v. Balfour Beatty Bah., Ltd. (In re Bush), 62 F.3d 1319, 1324-25 (11th Cir. 1995); see also 18A Charles Alan Wright & Arthur A. Miller, Federal Practice and Procedure § 4442 (3d ed. 1998) ("A 'default' entered as a procedural sanction also may support issue preclusion in closely related litigation in order to further the purposes of the sanction. . . . To deny preclusion would be to encourage . . . obstructive tactics."). Indeed, this exception is already widely applied by our bankruptcy courts under federal and Massachusetts issue-preclusion law. See, e.g., Gray v. Tacason (In re Tacason), 537 B.R. 41, 51-54 (B.A.P. 1st Cir. 2015); Acevedo v. Wells Fargo Bank, N.A. (In re Acevedo), No. 10-43723, 2015 WL 1876857, at *3-4 (Bankr. D. Mass. Apr. 21, 2015); D'Amour v. Birchall (In re Birchall), 501 B.R. 142, 149 (Bankr. D. Mass. 2013); Backlund v. Stanley-Snow, 405 B.R. 11, 19-21 (B.A.P. 1st Cir. 2009); Int'l Strategies Grp., Ltd. v. Pomeroy (In re Pomeroy), 353 B.R. 371, 377 (Bankr. D. Mass. 2006); see also McHeffey v. Pereira (In re Pereira), 428 B.R. 276, 281-82 & n.30 (Bankr. D. Mass. 2010) (citing standard approvingly without applying).

Here, the default judgment that the bankruptcy court entered against Buscone in the Chapter 7 proceeding is of precisely the kind contemplated by this exception. As we noted, this default judgment was the bankruptcy court's last resort, rendered necessary by Buscone and Baker's "failure to provide any creditable argument for not complying with the court's first [discovery]

- 7 -

order, repeated failures to respond to discovery requests, attempts to obfuscate issues before the court, and continued noncompliance despite the fact that the court had already imposed the lesser sanction of shifting fees." Botelho, 61 F.4th at 30-31. Such blatant recalcitrance throughout discovery easily satisfies the first element of this exception, the litigant's misconduct.[1] See Snyder, 939 F.3d at 98, 101 (applying exception where defendants first failed to respond to discovery requests, then served "inadequate responses" following the plaintiffs' motion to compel). As to the second element, the litigant's opportunity to participate, there is no question that Buscone had such an opportunity in the Chapter 7 proceeding, as demonstrated by her and Baker's filing of the motion to dismiss, challenging the

---

[1] We note that courts have applied this exception where the misconduct was less severe than the conduct at issue here. See Herbstein, 266 B.R. at 679-81 (estopped party refused to comply with a single discovery order "because of their inability to assemble and prepare the [necessary] information without professional accounting assistance" and the state court provided a single warning before entering a default judgment); Daily, 47 F.3d at 368 ("[T]he 'actual litigation' requirement may be satisfied by substantial participation in an adversary contest in which the party is afforded a reasonable opportunity to defend himself on the merits but chooses not to do so."); Cornwell, 109 F. App'x at 684 (preceding judgment need only be "a post-answer default entered as a sanction for discovery violations"); Murphy, 939 F.3d at 100 ("[W]here the default judgment is entered as a sanction for bad conduct, and the party being estopped had the opportunity to participate in the underlying litigation, the default judgment has preclusive effect . . . ."). Given the egregiousness of the misconduct in this case, we need not discern a minimum standard of misconduct that would support application of the exception.

bankruptcy court's first round of sanctions, and providing "arguably sarcastic and evasive responses to interrogatories." Botelho, 61 F.4th at 18-19, 29. We accordingly agree that Buscone's conduct warrants application of this exception to the actual-litigation requirement, and she is therefore estopped from reasserting the affirmative defense she raised in the Chapter 7 proceeding again in the present case.

**B.**

In the alternative, Buscone argues that Botelho miscalculated the post-judgment interest accrued on the state-court judgment against her. Rather than apply the rate set by Massachusetts law as of the state-court judgment's entry as dictated by Mass. Gen. Laws ch. 231, §§ 6B, 6C, 6H and ch. 235, § 8, Buscone insists that the post-judgment interest on the debt must be calculated according to the federal rate under 28 U.S.C. § 1961 and as of the bankruptcy court's entry of default judgment in the Chapter 7 proceeding. This attempt to reduce the value of Botelho's claim is unavailing.

As we acknowledged in her last appeal, see id. at 34-35, we concur with the conclusion reached by other courts that interest accrues on a valid pre-petition judgment obtained in state court at the rate set by state law from the date of the judgment's entry. See Hamilton v. Elite of L.A., Inc. (In re Hamilton), 584 B.R. 310, 322-25 (B.A.P. 9th Cir. 2018), aff'd, 785 F. App'x 438 (9th

Cir. 2019) (unpublished); cf. Old Republic Nat'l Title Ins. Co. v. Levasseur (In re Levasseur), 737 F.3d 814, 817 (1st Cir. 2013) (finding "no error" in bankruptcy court's determination that pre-petition judgment, subject to post-judgment interest accrual set by Massachusetts state court, is excepted from discharge). In this case, Botelho's claim plainly arises from the judgment that she obtained against Buscone in Massachusetts state court. When Botelho subsequently brought the adversary proceeding in the Chapter 7 bankruptcy, the bankruptcy court "incorporated and gave effect to the state court judgment and the language regarding [the] interest rate," addressing only the preexisting judgment debt's dischargeability. In so limiting its ruling, the Chapter 7 bankruptcy court did not displace the state-court judgment with one under federal law or otherwise impose a new money judgment on Buscone from which Botelho's claim could be construed to arise. Thus, the post-judgment interest rate under Massachusetts state law continues to apply to the judgment debt, accruing as of the entry of the state-court judgment.

**IV.**

**Affirmed**.

- 10 -