In re Diorio, Bankrupt,
**Philip A. DIORIO, Bankrupt, Appellant,**
v.
**KREISLER–BORG CONSTRUCTION
CO., Objecting Creditor, Appellee.**

No. 393, Docket 32389.

United States Court of Appeals
Second Circuit.

Argued Feb. 19, 1969.

Decided March 4, 1969.

Schwartz & Duberstein, Brooklyn, N. Y. (Conrad B. Duberstein, Brooklyn, N. Y., of counsel), for appellant, Diorio.

Frank & Frank, New York City (Irving Frank, New York City, of counsel), for appellee Kreisler-Borg Const. Co.,

Before Mr. Justice CLARK,* and WATERMAN and FRIENDLY, Circuit Judges.

PER CURIAM:

On a petition to review a decision of a referee in bankruptcy dismissing a creditor's objections to a discharge, Judge Mansfield, in the District Court for the Southern District of New York, 297 F. Supp. 842, upheld two of the specifications and directed that the discharge be denied. One such specification concerned an admittedly false statement by the bankrupt in the schedules and at the first meeting of the creditors that he had no interest in and had not been an officer of "D" Concrete Construction Corporation; the other concerned a denial, which the court found to be false, of any interest in a successor company, Diorio Construction Corporation. For reasons stated in Judge Mansfield's temperate opinion, we are satisfied that the objecting creditor presented reasonable grounds for believing that both these denials were knowingly and fraudulently false, 18 U.S. C. § 152, and that the bankrupt did not sustain the burden consequently imposed upon him by § 14 c of the Bankruptcy Act.

 We add that we are painfully impressed by a remark of the referee that very little evidentiary weight should be given to an affidavit signed by Diorio in Puerto Rico, where he had gone before his examination was completed, in which he reiterated his denials of having or having had any interest in or of being an officer or director of either corporation. Diorio's defense to the specification with respect to "D"—that "D" was worthless—was specious with respect to such a specific inquiry as the letter that

* Retired Associate Justice of the Supreme Court of the United States, sitting by designation.

elicited this affidavit. Successful administration of the Bankruptcy Act hangs heavily on the veracity of statements made by the bankrupt, cf. United States v. Stone, 282 F.2d 547, 553 (2 Cir. 1960). Statements called for in the schedules, or made under oath in answer to questions propounded during the bankrupt's examination or otherwise, must be regarded as serious business; reckless indifference to the truth, which is the kindest attitude that can be taken toward Diorio's affidavit, is the equivalent of fraud. There was here no such proof of circumstances extenuating the making of false statements as in In re Tabibian, 289 F.2d 793, 796–797 (2 Cir. 1961), or Avallone v. Gross, 309 F.2d 60 (2 Cir. 1962).

Affirmed.