SMITH, Circuit Judge,
concurring in part and dissenting in part.
While I agree with the majority that Bruce Bren’s intent was fraudulent, I cannot agree that there was “strong evidence” that Barbara Bren lacked fraudulent intent. “Although a single omission is generally insufficient to support an objection to discharge, a series of omissions may create a pattern which demonstrates the debtor’s reckless disregard for the truth.” In re Sadler, 282 B.R. 254, 264 (Bankr. M.D.Fla.2002) (citing In re Phillips, 187 B.R. 363, 369 (Bankr.M.D.Fla.1995)). The majority correctly determined that “[t]he sizable nature of the Brens’ omissions was troubling and suggested recklessness.” However, despite these omissions and co-ownership of all assets, the majority holds that Bruce Bren was reckless while absolving Barbara Bren from her reckless behavior. The majority concludes that Barbara Bren’s intent was not fraudulent because she “exercised no role in the financial affairs of the business aside from signing checks” and was “equally distant from the bankruptcy process.” I disagree.
The majority discounts Barbara Bren’s equally “cavalier” attitude toward the accuracy of the bankruptcy petition. In fact, Barbara Bren neither read the bankruptcy petition or schedules, nor did she make any attempt to correct them. Barbara Bren signed her bankruptcy petition under oath. “Successful administration of the Bankruptcy Act hangs heavily on the veracity of statements made by the bankrupt.” Diorio v. Kreisler-Borg Construction Co.,'407 F.2d 1330, 1331 (2d Cir.1969) (citation omitted). Under the majority’s holding, Barbara Bren’s oath is virtually meaningless. We have repeatedly said, “[t]he subject matter of a false oath is ‘material,’ and thus sufficient to bar discharge, if it bears a relationship to the bankrupt’s business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of [her] property.’’ In re Olson, 916 F.2d 481, 484 (8th Cir.1990) (emphasis added) (citing In re Chalik, 748 F.2d 616, 618 (11th Cir.1984) (per curiam)); see also In re Mertz, 955 F.2d 596, 598 (8th Cir. 1992). A clear relationship exists between Barbara Bren’s false oath and discovery of her business assets and dealings. The subject matter of her false oath was material and she should also be denied a discharge.
For these reasons, I dissent in part from the majority’s holding.