**In re Celso R. GILBERTI, Debtor.**

**Hydro Partners, LLC, Plaintiff,**

v.

**Celso R. Gilberti, Defendant.**

**Bankruptcy No. 05–6213–9P7.
Adversary No. 05–535.**

United States Bankruptcy Court,
M.D. Florida,
Ft. Myers Division.

Jan. 27, 2006.

Edward R. Miller, Miller and Hollander, Naples, FL, for Debtor.

## *ORDER ON MOTION FOR SUMMARY JUDGMENT*

ALEXANDER L. PASKAY, Bankruptcy Judge.

**(Doc. No. 16)**

THE MATTER under consideration in this Chapter 7 liquidation case is a Motion for Summary Judgment filed by Hydro Partners, LLC (Hydro) in the above-captioned adversary proceeding commenced by Hydro against Celso R. Gilberti (Debtor). In its Complaint, Hydro sets forth three claims in three separate counts.

The claim in Count I is based on the allegations of Hydro that the Debtor knowingly and fraudulently made a false oath in the bankruptcy case, and therefore is not entitled to the general bankruptcy discharge pursuant to Section 727(a)(4). In Count II, Hydro alleges that the Debtor concealed property of the estate with intent to hinder, delay, or defraud a creditor, and therefore is not entitled to a discharge pursuant to Section 727(a)(2)(B).

The claim in Count III of the Complaint is based on a final judgment against the Debtor, entered on February 18, 2005 in the Court of Common Pleas of Cuyahoga County, Ohio, Case No. CV 03–503016 (the Judgment). According to Hydro, the claim in Count III is based on the specific findings of the Ohio court which entered the Judgment, and the Debtor is estopped from relitigating the issues specified in the Judgment. Based on the doctrine of collateral estoppel, Hydro contends it is entitled to a judgment in its favor as a matter of law on Count III determining that the debt owed by the Debtor to Hydro is excepted from the overall protection of the general bankruptcy discharge, pursuant to Sections 523(a)(2) of the Bankruptcy Code.

Although the Debtor was represented by counsel when he filed his Chapter 7 case, the law firm of Miller and Hollander filed a Motion to Withdraw from any further representation of the Debtor (Doc. No. 8), which Motion was granted on November 9, 2005 (Doc. No. 18). Thus, the Debtor personally filed his Answer to the Complaint (Doc. No. 10) and Response to the Motion for Summary Judgment (Doc. No. 22), and appeared without the assistance of counsel.

Prior to presenting its argument at the duly scheduled hearing on the Motion for Summary Judgment, counsel for Hydro announced that they no longer wanted to

pursue the claim set forth in Count II of the Complaint. For this reason, this Court will deny the Motion for Summary Judgment to the extent that it requests relief under this Count. This leaves for consideration the remaining counts: the claim based on the charge of the alleged false oath (claim in Count I); and, the claim for dischargeability (claim in Count III).

In support of the Motion for Summary Judgment, counsel for Hydro contends that there are no issues of material facts and, based on the same, Hydro is entitled to a judgment in its favor, as a matter of law, both on the claims in Count I and Count III of the Complaint. Hydro relies on the exhibits attached to its Complaint, including but not limited to a portion of the deposition of the Debtor taken on January 20, 2005, in a lawsuit filed by Victor J. Scaravilli, et al. against the Debtor in the Court of Common Pleas of the County of Cuyahoga in the State of Ohio (Exhibit C to the Complaint). In addition, Hydro relies on the Schedule of Assets filed by the Debtor. According to Hydro, the Debtor made a false oath in connection with his bankruptcy case when he failed to schedule and failed to disclose his ownership interest in certain real property located in Mangabal, Brazil, and understated the values under oath of his interest in certain real properties located at 16328 Glynn Road, Cleveland Heights, Ohio, 44112 (the Cleveland Heights Property), and 326 Walworth Drive, Euclid, Ohio, 44132 (the Euclid Property). In addition, Hydro relies on an admission by the Debtor concerning the value of the properties as shown by an appraisal of both Ohio properties made on December 22, 2002, and January 3, 2003, respectively, which represent the correct value of the properties involved.

The record reveals the following facts which are part of the record, are indeed without dispute, and can be summarized as follows. At the time relevant, the Debtor was a partner in an entity know as Hydro Partners, LLC. (Hydro LLC). Hydro LLC formed several Brazilian corporations referred to as Hydro I, II, III, IV, V, VI, and VII. These entities were formed for the purpose of developing utility facilities for the generation of hydro-electric power in Brazil. At the time relevant the Debtor was a partner in Hydro. The Debtor also served as director of Hydro I and Hydro II. While serving as a director of these entities, he received monetary compensation for his services. According to him, the compensation was required to be paid pursuant to the corporate laws of Brazil, but, according to Hydro, the compensation was unauthorized and improper.

The Debtor became embroiled in a dispute with the other partners of Hydro and as a result Hydro filed a Complaint on June 10, 2003 against the Debtor in the Court of Common Pleas of Cuyahoga County, Ohio, Case No. CV 03–503016 (the State Court Complaint). In the State Court Complaint, Hydro asserted claims for: (1) Specific Performance; (2) Breach of Contract; (3) Breach of Fiduciary Duty; (4) Fraud; (5) Conversion; (6) Promissory Estoppel; (7) Declaratory Judgment; and (8) Injunctive Relief.

In due course, the Debtor filed his Answer to the State Court Complaint, coupled with his Counterclaim against the Plaintiff. In the course of the discovery process, the Debtor was properly noticed to appear for a deposition on September 9, 2004. The Debtor failed to appear and Hydro filed a Motion to Compel the Debtor's Appearance. On December 16, 2004, the Court of Common Pleas granted the Motion to Compel and ordered the Debtor to appear for Deposition under Penalty of Default Judgment for Non–Compliance. The Debtor again failed to appear and on

February 18, 2005, the Court of Common Pleas entered a default judgment against the Debtor in the amount of $224,622.10. (See Exhibit B to the Complaint). In the Judgment, the Court of Common Pleas stated that the Judgment is based on Count Three (Breach of Fiduciary Duty); Count Four (Fraud); and Count Five (Conversion). The Judgment was never appealed, thus it became a final non-appealable judgment.

After the entry of the Judgment, Hydro commenced a post-judgment proceeding to collect its judgment. On January 20, 2005, Hydro deposed the Debtor. During his deposition the Debtor gave the following answers to the following questions:

"Q: Do you have any assets in Brazil.

A: No.

Q: Do you own any land in Brazil?

A: I used to but it is gone.

Q: Where did it go?

A: I use to have a lot in a place called Ilea de Mangabal. It is a reservoir, I have not paid taxes on those things in 20 years and I do not know the status of that.

Q: Well, you have not paid the taxes, but do you still own it?

A: I would assume so, but—cause I never transferred it to anybody."

Gilberti Tr. pg. 55, ln. 5:

"Q: The land that you own in Brazil—do you own it with anybody else or by yourself?

A: No, No. It is all paid for but it is very—the value is very small—maybe worth a couple of thousand of dollars if you find it free—if no one is living there."

Gilberti Tr. pg. 66, ln. 5:

On February 4, 2005, the Debtor filed his voluntary Petition for Relief under Chapter 7. On his Schedule of Assets, the Debtor failed to disclose any interest in the real property located in Brazil, and stated that the value of the Cleveland Heights Property was $87,650, and the value of the Euclid Property was $50,150. According to an appraisal dated December 27, 2002, the Cleveland Heights Property was valued at $245,000 (Exh. D to the Complaint). An appraisal dated January 3, 2003 valued the Euclid Property at $118,000. (Exh. E to the Complaint).

In order to explain the glaring discrepancy between the values as scheduled and as they appear on the appraisal, the Debtor stated that he told his attorney that he only had a half interest in the properties and he received a notice of foreclosure that stated the value of the properties, which he then reduced by half. No competent evidence was produced in support of these propositions advanced by the Debtor.

The Debtor did not present any competent acceptable evidence to this Court that the basis for scheduling the values of these assets on the schedules was some notification, not put in evidence, issued by an Ohio state court in conjunction with the foreclosure proceeding, which value was then cut in half by then counsel for the Debtor based on the understanding that the Debtor owns half of the property and holds the homes joint with his wife, who is not a debtor in bankruptcy.

These are the basic facts established which according to counsel for Hydro supports the proposition that they are entitled to a judgment in their favor on both Count I (pursuant to Section 727(a)(4)) and Count III (pursuant to Section 523(a)(2)). Summary judgment is proper where there is no genuine issue as to any material fact, and a party is entitled to judgment as a matter of law. Fed. R. Bank. P. 7056. As this Court is satisfied that no question of material fact exist, and that the claims in the Complaint are ripe for summary judgment,

the Debtor's Response shall be treated as a cross-Motion for Summary Judgment.

## FALSE OATH IN BANKRUPTCY

### Section 727(a)(4)

It has been long recognized, even prior to the adoption of the Bankruptcy Code, that the provisions dealing with discharge of debtors must generally be construed liberally in favor of the debtor and strictly against those who challenge the debtor's right to a discharge. *Matter of Garman,* 643 F.2d 1252 (7th Cir.1980); *Kentile Floors, Inc. v. Winham* 440 F.2d 1128 (9th Cir.1971). However, it is equally true that the discharge privilege is reserved only to honest debtors. Accordingly, the burden of establishing any of the specific grounds set forth in Section 727(a), which would warrant the denial of the discharge, is on the party challenging the debtor's right to a discharge. F.R.B.P. 4005. But the burden is no longer by clear and convincing evidence, but a mere preponderance of the evidence is sufficient to prevail and block the debtor's right to a discharge. *Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

One of the grounds to deny the debtor's discharge, which is under consideration at this time, is the claim by Hydro that the Debtor made a false oath in connection with this bankruptcy case. There is no question that Section 727(a)(4) was established to ensure that the trustee and the creditors would receive reliable information in order to assist the trustee in the administration of the estate. *Discenza v. MacDonald (In re MacDonald),* 50 B.R. 255 (Bankr.D.Mass.1985). The Statement of Financial Affairs and the Schedules executed by the Debtor under oath serve the crucial purpose of ensuring that all relevant and adequate information is available to the Trustee.

In applying the standard and the elements necessary to establish a viable claim under Section 727(a)(4), the Eleventh Circuit, in the case of *Chalik v. Moorefield (In re Chalik),* 748 F.2d 616 (11th Cir. 1984), held that a false oath is made even though the properties omitted are worthless, and the omission was, in fact, material. In the case of *In re Robinson,* 506 F.2d 1184, 1188 (2d Cir.1974), the court held that even though truthful responses to the questions propounded by the attorney for the bank would not have increased the value of the estate, they were certainly material and essential for the discovery of what, if any, assets the debtor may have had. It is clear that the subject of false oaths is always material and bears a relationship to the debtor's business transactions or estate. *In re Steiker,* 380 F.2d 765, 768 (3d Cir.1967). A debtor may not escape the charge of making a false oath by asserting that the admittedly omitted statement of financial information concerned a worthless business relationship or holding, and thus did not have to be disclosed. Such a defense was held to be specious. *Diorio v. Kreisler–Borg Construction Co. (In re Diorio)* 407 F.2d 1330 (2d Cir.1969). It makes no difference whether or not the debtor intended to injure his creditors; the creditors are entitled to judge for themselves what will benefit and prejudice them. *Morris Plan Industrial Bank v. Finn,* 149 F.2d 591 (2d Cir.1945); *Duggins v. Heffron,* 128 F.2d 546, 549 (9th Cir.1942).

It is without dispute that an occasional omission from schedules will seldom be accepted as satisfactory a basis to establish the claim of a false oath, and some innocent omissions due to oversight may be excused. However, numerous omissions that display a pattern of misleading conduct are sufficient to establish a fraudulent false oath. *See, Boroff v. Tully (In re Tully),* 818 F.2d 106 (1st Cir.1987).

In the present instance the claim of a false oath is based on the undisputed facts

that the debtor did not schedule his interests in certain real properties located in Brazil. The Debtor admitted that he purchased these properties more than twenty years ago and they were free and clear of any mortgage, but for years he did not use them at all, never paid the taxes on the properties and believes that the properties might have been taken by the government for the non-payment of taxes.

■ The second ground for the false oath charged is that the Debtor knowingly and fraudulently understated the values of his interests in the properties located in Ohio. Ordinarily the statement of value of property is subjective and it is rarely sufficient grounds to sustain the claim for false oath unless the debtor actually knew the true value or the value stated is so outrageously low that any reasonable person would immediately recognize the valuation as baseless and that the value stated was a reckless disregard of the true value.

■ Before discussing the two claims, it should be pointed out that the Debtor appeared pro se at the hearing on the Motion for Summary Judgment. It cannot be gainsaid that the false oath claim contains a scienter element, showing knowing and fraudulent intent. Considering the charge of false oath relating to the omission of the properties in Brazil, this Court is satisfied that these omissions did not meet the standard required for false oath. The Debtor had no contact with these properties for several years and never paid the taxes on them. It was not unreasonable for him to assume that the property was taken away and he had no longer any interest in the property.

■ Considering the false oath as it relates to the valuation of the Ohio properties, the Debtor explained that he furnished a foreclosure notice to his attorney which stated the value of the Ohio properties and told his attorney that they were jointly owned by he and his wife, a non-

debtor. Therefore, the value stated was only one-half of the total of the value which appeared on the foreclosure notice. Ordinarily it would have been, of course, more appropriate to put into evidence the foreclosure notice or present an affidavit from his attorney to verify the facts stated by the Debtor. But, again, considering that he is not a legally trained person, this omission is not fatal and would be insufficient to form the basis to sustain the claim of false oath concerning the undervaluation of the Ohio properties.

## NONDISCHARGEABILITY

### Section 523(a)(2)

■ This leaves for consideration the claim of nondischargeability set forth in Count III by Hydro based on Section 523(a)(2).

The Motion for Summary Judgment is based on the contention of Hydro that the Debtor is estopped from relitigating the issues raised due to the doctrine of collateral estoppel. It is without dispute and is clear that, in the Ohio litigation, Hydro asserted several claims against the Debtor including obtaining money by fraud, breach of fiduciary duty, and conversion. While it is true the case was not actually tried and the Judgment entered by the Ohio court was by default, the default was not based on the debtor's failure to respond to the complaint, but on a willful violation of discovery rules by failing to appear for a deposition when compelled to do so by the court. The debtor not only filed an answer to the complaint but also a counterclaim and actively participated in the litigation until he decided not to do so any further and his failure to appear at the deposition was noted by the court.

■ It is well established that before the doctrine of collateral estoppel applies the record must show the following:

(1) the issue at stake must be identical to the one decided in the prior litigation;

(2) the issue must have been actually litigated in the prior proceeding;

(3) the prior determination of the issue must have been a critical and necessary part of the judgment in that earlier decision; and

(4) the standard of proof in the prior action must have been at least as stringent as the standard of proof in the later case.

*In re St. Laurent*, 991 F.2d 672, 676 (11th Cir.1993). The only possible argument against collateral estoppel is that the issue was not actually litigated. However, there is no support for that proposition. The fact that the judgment is by default does not prevent the doctrine application as long as the relevant issues could have been litigated. *In re Jaquis*, 131 B.R. 1004 (Bankr.M.D.Fla.1991); *In re Halpern*, 810 F.2d 1061 (11th Cir.1987).

Based on the foregoing, this Court is satisfied that the Debtor is, in fact, estopped from relitigating the issues found to exist by the Ohio Court which based its judgment on the claim for breach of fiduciary duty (Count III), fraud (Count IV) and conversion (Count V). This judgment was never appealed, thus became a final, nonappealable judgment.

Accordingly, the facts established by the Ohio judgment satisfy the elements of Section 523(a)(2), and the debt owed by the Debtor to Hydro is within the exception to the discharge set forth in Section 523(a)(2), and is non-dischargeable.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Motion for Summary Judgment filed by Hydro Partners, LLC be, and the same is hereby, granted in part and denied in part. It is further

ORDERED, ADJUDGED AND DE-CREED that the Motion for Summary Judgment filed by Hydro Partners, LLC be, and the same is hereby, granted as to Count III of the Complaint. The debt owed to Hydro Partners, LLC by the Debtor is nondischargeable pursuant to 11 U.S.C. § 523(a)(2). It is further

ORDERED, ADJUDGED AND DE-CREED that the Motion for Summary Judgment filed by Hydro Partners, LLC be, and the same is hereby, denied as to Count I of the Complaint. The Debtor's cross-Motion for Summary Judgment as to Count I of the Complaint is granted. Count I of the Complaint is dismissed with prejudice. It is further

ORDERED, ADJUDGED AND DE-CREED that the Motion for Summary Judgment filed by Hydro Partners, LLC be, and the same is hereby, denied as withdrawn as to Count II of the Complaint, and Count II of the Complaint is dismissed with prejudice.

A separate final judgment shall be entered in accordance with the foregoing.

### *FINAL JUDGMENT*

THIS CAUSE came on for consideration upon the Court's own Motion for the purpose of entering a Final Judgment in the above-captioned adversary proceeding. The Court has considered the record and finds that this Court has entered its Order on Motion for Summary Judgment (Doc. No. 16). Therefore, it appears appropriate to enter this Final Judgment.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that Final Judgment be, and the same is hereby, entered in favor of the Plaintiff, Hydro Partners, LLC and against the Defendant, Celso R. Gilberti, as to Count III of the Complaint. The debt owed to Hydro Partners, LLC by the Debtor is nondischargeable pursuant to 11 U.S.C. § 523(a)(2). It is further

ORDERED, ADJUDGED AND DE-CREED that Final Judgment be, and the

same is hereby, entered in favor of the Defendant, Celso R. Gilberti and against Plaintiff Hydro Partners, LLC as to Count I of the Complaint. Count I of the Complaint is dismissed with prejudice. It is further

ORDERED, ADJUDGED AND DECREED that Final Judgment be, and the same is hereby, entered in favor of the Defendant, Celso R. Gilberti and against Plaintiff Hydro Partners, LLC as to Count II of the Complaint. Count II of the Complaint is dismissed with prejudice.

DONE AND ORDERED.