# United States Court of Appeals
## For the First Circuit

No. 22-1287

IN RE: DONALD C. KUPPERSTEIN,

Debtor.

DONALD C. KUPPERSTEIN,

Appellant,

v.

IRENE SCHALL, Personal Representative of the Estate of
Fred W. Kuhn; EXECUTIVE OFFICE OF HEALTH AND HUMAN SERVICES,

Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Timothy S. Hillman, U.S. District Judge]

Before

Selya and Lynch, Circuit Judges,
and McElroy,* District Judge.

David G. Baker on brief for appellant.
Nicola Yousif and the Law Office of Nick Yousif on brief for
appellee Irene Schall.
Brian G. Lee on brief for appellee the Executive Office of
Health and Human Services.

_____

* Of the District of Rhode Island, sitting by designation.

February 22, 2023

**MCELROY, District Judge.** The bankruptcy court determined, upon cross-motions for summary judgment, that Donald C. Kupperstein knowingly and fraudulently omitted and misrepresented material facts in his Chapter 7 bankruptcy petition and related schedules, warranting the denial of his discharge under 11 U.S.C. § 727(a)(4)(A). Kupperstein appeals and we consider now whether summary judgment was properly granted. For the reasons below, we affirm.

## I.   Background

This is the third appearance in this court of a long-running dispute, which we previously detailed in In re Kupperstein (Kupperstein II), 994 F.3d 673 (1st Cir. 2021), and In re Kupperstein (Kupperstein I), 943 F.3d 12 (1st Cir. 2019). We report here what is necessary to understand the instant appeal.

On January 11, 2018, in the wake of Kupperstein's multiple violations of judgments and orders of Massachusetts state courts, he filed in bankruptcy court a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code. Appellees -- the Executive Office of Health and Human Services of the Commonwealth of Massachusetts and Irene B. Schall, as the personal representative of the estate of Fred W. Kuhn -- commenced adversary proceedings on July 16, 2018, seeking the denial of Kupperstein's bankruptcy discharge under 11 U.S.C. §§ 523,

727(a)(4)(A).[1] As for the § 727(a)(4)(A) claim, Appellees posited that Kupperstein's bankruptcy filings included material omissions and falsehoods and that Kupperstein's Statement of Financial Affairs (SOFA) and his Schedule A/B (required filings with his petition) did not include income from a law practice he failed to disclose, a title insurance settlement, and an interest in real estate.

After discovery on the consolidated adversary proceedings, Kupperstein moved for summary judgment and Appellees responded with a joint cross-motion. Appellees filed a statement of undisputed facts in support of their motion and filed a response to Kupperstein's statement of undisputed facts. Kupperstein, however, did not timely file a response to Appellees' statement of facts. At the hearing on the motion, on June 16, 2020, he offered to file his response within a day. Three days later, on June 19, 2020, Kupperstein filed his response and a motion for leave, which the bankruptcy court denied because it had already taken the summary judgment motions under advisement.

In a careful and detailed opinion, the bankruptcy court

---

[1] The bankruptcy court dismissed some of the Executive Office of Health and Human Services' (EOHHS) 11 U.S.C. § 523 claims upon consideration of Kupperstein's motion to dismiss. EOHHS voluntarily dismissed the rest after the district court upheld the granting of summary judgment in the Appellees' favor on the § 727(a)(4)(A) claim. Irene Schall voluntarily dismissed her § 523 claims.

held that on the undisputed evidence of record, the statutory requirements required that Kupperstein be denied a discharge; indeed the court held that Kupperstein had engaged in clear and blatant misconduct. Specifically, the bankruptcy court determined that Kupperstein made false oaths in both his SOFA and Schedule A/B. That is, Kupperstein failed to include on the SOFA the source or amount of income from his law practice or a $17,500 settlement from a title insurer and, on the Schedule A/B, assets related to real estate in Boston. The court further held that Kupperstein knowingly failed to make these disclosures, or in the case of the Schedule A/B, acted with "reckless disregard for the truth," given that Kupperstein, an attorney, did report these items in other places when required: namely, on his federal income tax returns and in a financial statement supplied to a state court. All these omissions were material, given that they related to his "financial transactions" and concerned the "discovery of his business dealings."

The bankruptcy court thus denied Kupperstein's motion for summary judgment and granted Appellees' motion on their § 727(a)(4)(a) counts. Kupperstein's discharge was thus denied. He appealed to the district court, which adopted the bankruptcy court's analysis in total, affirming summary judgment and denying the appeal. Kupperstein timely appealed to this court.

## II.  Standard of Review

We serve here as a "second tier of appellate review." Kupperstein II, 994 F.3d at 678 (quoting In re Montreal, Me. & Atl. Ry., Ltd., 956 F.3d 1, 5-6 (1st Cir. 2020)).  In that capacity "we accord no particular deference to determinations made by the first-tier appellate tribunal but, rather, focus exclusively on the bankruptcy court's determinations."  In re Montreal, Me. & Atl. Ry., Ltd., 956 F.3d at 6.

## III. Analysis

### A.

As an initial matter, Kupperstein argues that the bankruptcy court erred in denying his motion for leave to file a belated response to Appellees' joint statement of facts in support of their motion for summary judgment.  We bypass Appellees' contention that this argument has been waived and find no merit to the argument.

Local Rule 7056-1 of the United States Bankruptcy Court, which expressly adopts Local Rule 56.1 of the United States District Court for the District of Massachusetts, requires: (1) motions for summary judgment include a statement of undisputed material facts supported by "page references to affidavits, depositions and other documentation;" (2) oppositions to motions for summary judgment, to be filed 21 days after service of the motion, must include a statement of disputed facts again with references to supporting

evidence, and (3) that "[m]aterial facts of record set forth in the statement . . . be served by the moving party will be deemed for purposes of the motion to be admitted by opposing parties unless controverted by the statement required to be served by opposing parties."  D. Mass. L.R. 56.1; D. Mass. L.B.R. 7056-1.

"Such rules are designed to function as a means of 'focusing a district court's attention on what is—and what is not—genuinely controverted."  Cabán Hernández v. Philip Morris USA, Inc., 486 F.3d 1, 7 (1st Cir. 2007) (quoting Calvi v. Knox County, 470 F.3d 422, 427 (1st Cir. 2006)).  Parties ignore such rules "at their peril."  Id.

We review a lower court's application of local rules for abuse of discretion.  CMI Cap. Mkt. Inv., LLC v. González-Toro, 520 F.3d 58, 63 (1st Cir. 2008); NEPSK, Inc. v. Town of Houlton, 283 F.3d 1, 5 (1st Cir. 2002).  The bankruptcy court held Kupperstein to the deadline explicit in the local rule.  We are hard pressed to find that to be an abuse of discretion.  See Crowley v. L.L. Bean, Inc., 361 F.3d 22, 25 (1st Cir. 2004) ("While a district court may forgive a party's violation of a local rule, . . . we review deferentially its refusal to do so.").

Kupperstein's argument that the refusal to grant his motion for leave prejudiced him because Appellees' asserted facts would be admitted with or without evidence in support rings hollow. Nowhere were Appellees excused from their own obligation under

Local Rule 56.1 — the requirement to cite specific evidence in support of each asserted fact. Moreover, a court must consider all motions for summary judgment -- whether properly opposed, improperly opposed, or unopposed -- on the merits and can grant them only if the evidence properly presented entitles the moving party to judgment as a matter of law. Fed. R. Civ. P. 56(e); Torres-Rosado v. Rotger-Sabat, 335 F.3d 1, 9 (1st Cir. 2003). The bankruptcy court carried out this obligation on the record properly submitted.

**B.**

We now consider the bankruptcy court's granting of Appellees' joint motion for summary judgment. "The legal standards traditionally applicable to motions for summary judgment . . . apply without change in bankruptcy proceedings." In re Moultonborough Hotel Grp., LLC, 726 F.3d 1, 4 (1st Cir. 2013). We review a grant of summary judgment de novo, examining the record in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor. Hardy v. Loon Mountain Recreation Corp., 276 F.3d 18, 20 (1st Cir. 2002). "Summary judgment is warranted only if, after reviewing the record in the manner just described, we determine that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Baez v. Town of Brookline, 44 F.4th 79, 82 (1st Cir. 2022) (quotation omitted).

- 8 -

The Bankruptcy Code "limits the opportunity for a completely unencumbered new beginning to the honest but unfortunate debtor."  Premier Cap., LLC v. Crawford (In re Crawford), 841 F.3d 1, 7 (1st Cir. 2016) (internal quotation marks omitted) (quoting Grogan v. Garner, 498 U.S. 279, 286-87 (1991)). "[T]o make certain that those who seek the shelter of the bankruptcy code do not play fast and loose with their assets or with the reality of their affairs," 11 U.S.C. § 727 provides several exceptions to a debtor's discharge from Chapter 7 bankruptcy.  Boroff v. Tully (In re Tully), 818 F.2d 106, 110 (1st Cir. 1987).  Although "the statutory right to a discharge should ordinarily be construed liberally in favor of a debtor," this is not so when a claim "falls squarely" into one of the § 727(a) enumerated exceptions.  In re Crawford, 841 F.3d at 7-8 (quoting In re Tully, 818 F.2d at 110).  This case involves, "squarely," § 727(a)(4)(A), which authorizes the denial of a discharge when the debtor "knowingly and fraudulently, in or in connection with the case . . . made a false oath or account" related to a "material fact."  See id. (alteration in original) (quoting 11 U.S.C. § 727(a)(4)(A)).

### 1. The False Oaths

The false oaths that Appellees brought to the attention of the bankruptcy court resided in Kupperstein's SOFA and Schedule A/B of his Chapter 7 petition.  A debtor files all petitions,

schedules, statements, and amendments in bankruptcy court under oath. Fed. R. Bankr. P. 1008. Kupperstein, an attorney, never claimed to have misunderstood the significance of signing bankruptcy forms.

The SOFA required Kupperstein to disclose all gross income that he received in the year of his bankruptcy filing and in the prior two calendar years. Specific questions on the form organized these disclosures. The questions relevant here sought: (1) the total income from employment or operating a business, to which Kupperstein answered "no"; (2) other income, including "gross income" regardless of whether it was taxable, to which Kupperstein listed only income from social security, retirement, and IRA distributions; (3) connections to any business, including sole proprietor or self-employment, to which Kupperstein responded "No. None of the above applies"; and (4) any financial statements provided to "creditors, or other parties," to which Kupperstein replied "no."

But Kupperstein's individual federal income tax returns for 2016 and 2017 (which he prepared) told a different story. They revealed a law practice of which he was the proprietor with a reported gross income. He also submitted a financial statement to a state court about three weeks before he filed his bankruptcy petition where he listed a weekly gross salary for his occupation

- 10 -

of "[a]ttorney (semi-retired)."[2]  In addition, while Kupperstein did not disclose $17,500 of "other income" from a title insurance settlement on his SOFA, he did include it on his 2016 individual federal income tax return.

Kupperstein attempts to explain away these omissions by parsing language.  He claims to have no income from "employment," as Massachusetts law would define that term, or from "operating a business" because he is an "independent contractor" who takes on occasional clients.  However he defines himself under state law, he failed to disclose income, a term defined broadly in the Bankruptcy Code.  See, e.g., 11 U.S.C. § 101(10A) (defining "current monthly income" as the "average monthly income from all sources that the debtor receives . . . without regard to whether such income is taxable income"); see also Fed. R. Bankr. P. 9009(c) (requiring construction of bankruptcy forms in a manner consistent with the Federal Rules of Bankruptcy Procedure and the Bankruptcy Code).  And regarding the settlement funds from a title insurer, Kupperstein argues that he did not disclose this income on his SOFA because it was reimbursement for money lost and that the

---

[2] Kupperstein argues that the financial statement (which he acknowledged filing) is inadmissible and should not have been considered on the motions for summary judgment.  We find that he has not adequately preserved this issue for appeal.  First, the bankruptcy court found that he had waived objection to Appellees' use of the statement as a trial exhibit and, at the summary judgment hearing, he offered to research and provide support for his objection but never did so.

- 11 -

settlement was not taxable. Neither argument excuses the failure to disclose this significant payment. Question 5 of the SOFA requires disclosure of "money collected from lawsuits" and "income regardless of whether that income is taxable." In short, Kupperstein omitted required information on his SOFA, leading to the indisputable conclusion that Kupperstein made false oaths on that filing.

And he also did so on the Schedule A/B. That form required him to disclose certain types of assets, including real property. What he did not report was that in 2016, Kupperstein was granted a $250,000 mortgage on a property in Boston. In addition, Kupperstein received an assignment of the property's leases and rents. All this information was publicly available as the mortgage and the assignment were recorded in the registry of deeds on October 3, 2016.

The bankruptcy court properly examined this evidence and determined that this omission was a false oath. Contrary to Kupperstein's assertions, the Schedule A/B omissions are not an issue of "credibility" that cannot be determined on summary judgment, but an examination of indisputable documentary evidence. And his argument that he was not the mortgagee or mortgagor of the property is contradicted by the mortgage deed, which expressly granted "mortgage covenants, to secure the payment of $250,000" to Kupperstein.

## 2. "Knowingly and Fraudulently"

False oaths alone, however, are not enough to deny a discharge under 11 U.S.C. § 727(a)(4)(A). The falsehoods must be made "knowingly and fraudulently." In re Crawford, 841 F.3d at 8 (quoting 11 U.S.C. § 727(a)(4)(A)). A debtor "knowingly and fraudulently" makes a false oath if, despite knowing the truth, the debtor "nonetheless willfully and intentionally swears to what is false." Hannon v. ABCD Holdings, LLC (In re Hannon), 839 F.3d 63, 72 (1st Cir. 2016) (quoting Lussier v. Sullivan (In re Sullivan), 455 B.R. 829, 837 (1st Cir. BAP 2011)). This standard also can be met with a showing that the debtor acted with a "reckless indifference to the truth." In re Tully, 818 F.2d at 112 (quoting Diorio v. Kreisler-Borg Constr. Co. (In re Diorio), 407 F.2d 1330, 1331 (2d Cir. 1969)).

Summary judgment is appropriate when the evidence is conclusive enough to yield "no plausible conclusion but that the debtor's intent was fraudulent" or if "the non-movant relies on conclusory allegations or insupportable inferences" or "fails to create any reasonable basis for avoiding the conclusion that he acted, at best, with reckless disregard for the truth of the material information he supplied during his bankruptcy proceedings." Id. at 83, 85; In re Marrama, 445 F.3d 518, 522 (1st Cir. 2006); see also Santiago v. Canon U.S.A., Inc., 138 F.3d 1, 5 (1st Cir. 1998).

- 13 -

As for the omissions on his SOFA, Kupperstein argues that these were not made "knowingly and fraudulently" based upon his legal argument that he was not required to disclose the income at issue. Having disposed of that argument above, we consider whether the facts indicate that the false statements were made "knowingly and fraudulently."

Kupperstein personally prepared his 2016 and 2017 tax returns, claiming, in direct contrast to his SOFA, a gross income from a law practice. Moreover, about three weeks before he filed his bankruptcy petition, he provided a financial statement to a state court noting a $250 per week salary, which would equal the roughly $13,000 income he reported on his 2017 tax return. And the same goes for the "other income" -- the $17,500 settlement from the title insurer -- which Kupperstein also included on his self-completed tax return. Yet he omitted all this information in response to the SOFA's broad and direct questions seeking disclosure of income and its sources. Moreover, he signed the SOFA under a paragraph attesting, under penalty of perjury, that he had "read the answers" provided and that his answers were "true and correct." The only reasonable conclusion from the evidence, as the bankruptcy court determined, is that Kupperstein knowingly supplied a false oath regarding his SOFA.

As to his Schedule A/B, Kupperstein did not dispute that he knowingly omitted the mortgage and assignment of rents but

- 14 -

offered a convoluted, implausible explanation that the mortgage was valueless despite there being no evidence it was ever discharged. We agree with the bankruptcy court that Kupperstein's "belated and illogical justifications only served to enhance the appearance of fraud."

### 3. Materiality

Finally, to justify denial of a discharge under 11 U.S.C. § 727(a)(4)(A), a false oath made "knowingly and fraudulently" must also relate to a "material fact." In re Crawford, 841 F.3d at 8. A false oath is material if it "bears a relationship to the debtor's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of property." In re Hannon, 839 F.3d at 75 (quoting Lussier v. Sullivan (In re Sullivan), 455 B.R. 829, 829 (1st Cir. BAP 2011)); Daniels, 736 F.3d at 82 ("Information omitted from a bankruptcy petition or schedule is material if it is 'pertinent to the discovery of assets, including the history of a bankrupt's financial transactions.'") (quoting In re Mascolo, 505 F.2d 274, 277 (1st Cir. 1974)). "[T]he threshold to materiality is fairly low." In re Crawford, 841 F.3d at 8 (quoting In re Sullivan, 455 B.R. at 839).

Kupperstein offers only the conclusory argument that any false oaths were "certainly not material." Such a conclusory argument of course is not enough to defeat summary judgment.

- 15 -

Garmon v. Nat'l R.R. Passenger Corp., 844 F.3d 307, 313 (1st Cir. 2016). In all events, the subject matter of each false oath, as the bankruptcy court properly held, was material. Kupperstein's omitted law practice income related to his business transactions and the discovery of his business dealings; the title insurance payment related to his history of financial transactions, particularly during the look-back periods that apply to fraudulent transfers; and his omission of the mortgage and the rents assignment would have provided Appellees insight into Kupperstein's financial transactions and opportunity to investigate the same. Kupperstein's false oaths therefore were material and warranted the denial of his discharge.

## IV. Conclusion

The bankruptcy court properly granted Appellees' joint motion for summary judgment and denied appellant's motion. We therefore affirm the district court's order and award costs to Appellees.